The STATE of Ohio, Appellee,

v.

SMITH, Appellant.

[Cite as *State v. Smith*, 196 Ohio App.3d 431, 2011-Ohio-3786.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 10AP–338.

Decided Aug. 2, 2011.

432

**434**

Ron O'Brien, Franklin County Prosecuting Attorney, and Laura R. Swisher, for appellee.

Michael S. Smith, pro se.

HARSHA, Judge.

{¶ 1} Defendant-appellant, Michael S. Smith, appeals his sentence for 12 counts of pandering sexually oriented matter involving a minor. In 2004, a Franklin County jury found him guilty of these offenses, and the trial court sentenced him to an aggregate prison term of 16 years and classified him as a sexual predator under the then applicable provisions of R.C. Chapter 2950. Smith appealed on several grounds, and while this court rejected some of his arguments, we

reversed his sentence and remanded for further proceedings. Smith appealed our decision to the Supreme Court of Ohio, and the trial court stayed the remand proceedings pending the outcome of that appeal. In October 2005, the Supreme Court declined to accept Smith's appeal for review. However, for no apparent reason, the trial court did not resentence Smith until March 2010. At that time, the court sentenced Smith to an aggregate prison term of five years. By then, Smith had spent more than six and one-half years in prison for his crimes. The court also notified Smith that he was subject to a mandatory five-year term of postrelease control and classified him as a Tier II sex offender under the version of R.C. Chapter 2950 as amended in 2007 by Am.Sub.S.B. No. 10 ("S.B. 10").

{¶ 2} Smith contends that the court's delay in imposing his prison sentence violated his due process rights. We agree. The state has no justification for its failure to initiate resentencing proceedings for more than four years after the stay lifted. Moreover, Smith has undoubtedly been prejudiced by this delay. Had the court imposed the five-year sentence in a timely fashion, Smith would not have unnecessarily spent more than a year and one-half of extra time in prison for his crimes. Smith could have completed a portion of his of postrelease control during that time. Accordingly, we find that the trial court violated Smith's due process rights and committed plain error when it imposed the prison sentence. Although this finding does not necessitate a dismissal of the charges, i.e., the jury's findings of guilt remain intact, it does warrant the vacation of Smith's prison sentence. This decision renders moot Smith's additional claims that the court lacked jurisdiction to impose the prison sentence and that trial counsel rendered ineffective assistance by not raising the jurisdictional issue.

{¶ 3} Next, Smith claims that the court erred when it imposed postrelease control. We agree. A prison term is a prerequisite to the imposition of postrelease control. And because there is no valid prison sentence, we vacate the court's postrelease-control order.

{¶ 4} Smith also argues that the trial court erroneously classified him as a sex offender under S.B. 10 based on the Supreme Court of Ohio's decision in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753. While we find that *Bodyke* is not controlling on these facts, we nonetheless vacate Smith's Tier II classification based upon the Supreme Court's recent decision in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, which bars retroactive application of the statutory changes enacted by S.B. 10.

{¶ 5} Next, Smith claims that the trial court interfered with his right of allocution at the resentencing hearing. Our disposition of the appeal on other points makes this issue moot.

{¶ 6} Finally, we address Smith's pending motion before this court for an injunction to prevent the trial court from enforcing conditions of postrelease control. Based on our determination of the merits of the appeal, this motion is also rendered moot.

## I. Facts

{¶ 7} In 2003, the Franklin County Grand Jury indicted Smith on 18 counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(5), all third-degree felonies because he had a prior conviction for illegal use of a minor in a nudity-oriented material or performance. Before trial, the state dismissed six of the counts, and then a jury found Smith guilty on the remaining counts. In its sentencing entry, the court noted that the parties agreed to merge Counts 5 through 12 with Counts 1 through 4 for purposes of sentencing. The court proceeded to sentence Smith to four years in prison on Counts 1 through 4 and ordered him to serve the sentences consecutively, for an aggregate of 16 years in prison.

{¶ 8} Smith appealed the trial court's judgment and raised four assignments of error, which this court addressed in a decision issued on May 24, 2005. *State v. Smith*, 10th Dist. No. 04AP–859, 2005-Ohio-2560, 2005 WL 1220742. We sustained Smith's second assignment of error, in which he claimed that the court failed to make the findings required by R.C. 2929.14 when it imposed consecutive sentences, and we reversed the trial court's judgment in part. Id. at ¶ 43–46. The state conceded that the trial court erred in this regard. Id. at ¶ 43.

{¶ 9} Smith then filed an appeal with the Supreme Court of Ohio. The state filed a motion asking the trial court to stay the remand proceedings until the Supreme Court decided whether it would consider Smith's appeal. In August 2005, the trial court issued a judgment entry staying the proceedings "pending further action by the Ohio Supreme Court." And on October 26, 2005, the Supreme Court decided not to accept Smith's appeal for review. 106 Ohio St.3d 1556, 2005-Ohio-5531, 836 N.E.2d 581.

{¶ 10} However, no further proceedings on remand occurred in Smith's case until February 2010 when the trial court issued an order scheduling a resentencing hearing for March 2010. It is unclear from the record what finally alerted the court that Smith had not been sentenced in the more than four years that had elapsed since the Supreme Court declined to accept his appeal. Smith claims that he filed a motion to vacate the indictment with this court on or about February 12, 2010, because of the sentencing delay, so it is possible that this motion prompted the trial court's action.

{¶ 11} After the resentencing hearing, which appointed counsel did not object to, the trial court issued an amended judgment entry on March 25, 2010. The

court again noted that the parties agreed to merge Counts 5 through 12 with Counts 1 through 4 for purposes of sentencing. Then the court sentenced Smith to five years in prison on Counts 1 through 4 and ordered him to serve the sentences concurrently, for an aggregate of five years in prison. The court also found that Smith had 2,411 days of jail-time credit. In other words, Smith had spent over six and one-half years in prison even though the court had sentenced him to only five years for his crimes. The sentencing entry also indicates that the court notified Smith that the "applicable period of postrelease control is five (5) years mandatory." In addition, the court classified Smith as a Tier II sex offender under S.B. 10.

## II. Assignments of Error

{¶ 12} Smith assigns the following errors for our review:

■ Trial court was divested of jurisdiction to sentence appellant based upon the unnecessary delay of 58 months from remand to resentencing denying appellant his rights to due process to a final appealable judgment without unnecessary delay per Crim.R. 32(A) and the U.S[.] Const. and Ohio Const.

■ Trail [sic] court, without jurisdiction to sentence appellant, cannot impose post release control under O.R.C. 2968.28 to an improperly imposed sentence, rendering that PRC void.

■ Appellant was denied effective assistance of counsel under the 6 th and 14 th Amendments of the U.S. Constitution and Art. I, Section 10 of the Ohio Constitution when counsel, in spite of being informed of appellants' [sic] assertion that trial court was divested of jurisdiction to sentence, failed to object to trial courts' [sic] lack of jurisdiction to sentence appellant due to the unnecessary delay of 58 months from reversal and remand in May of 2005 to sentencing on March 24, 2010.

■ Trial court is without authority to impose SB 10 tier classification or require appellant to register under provisions of SB 10 because application of SB 10, Ohio's version of the Adam Walsh Act, to offenders whose crimes occurred before its effective date violates the Ex Post Facto Clause of the United States Constitution. Because appellants' [sic] conviction preceded the passage of SB 10 in 2007 and those portions of SB 10 that have been determined to violate separation of powers doctrine by its' [sic] retroactive application appellant cannot be held to requirements of SB 10 tier classification and/or registration.

■ Trial court erred when it improperly advised appellant against making a statement in [sic] his own behalf, in spite of its' [sic] acknowledgment of appellant[']s right to do so.

### III. Prison Term and Due Process

{¶ 13} In his first assignment of error, Smith contends that the trial court violated his due process rights when it imposed a prison term after a lengthy delay, i.e., more than four years after the Supreme Court of Ohio decided not to accept his appeal for review and the trial court's stay expired. Because Smith failed to raise this argument at the sentencing hearing, he has waived all but plain error review. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). "A silent defendant has the burden to satisfy the plain-error rule and a reviewing court may consult the whole record when considering the effect of any error on substantial rights." *State v. Davis*, 4th Dist. No. 06CA21, 2007-Ohio-3944, 2007 WL 2216367, ¶ 22, citing *United States v. Vonn* (2002), 535 U.S. 55, 59, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90.

{¶ 14} For a reviewing court to find plain error, (1) there must be an error, i.e., "a deviation from a legal rule", (2) the error must be plain, i.e., an "obvious" defect in the proceedings, and (3) the error must have affected "substantial rights," i.e., it must have affected the outcome of the proceedings. *State v. Barnes* (2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240. Furthermore, the Supreme Court of Ohio has admonished courts that notice of plain error under Crim.R. 52(B) is to be taken " 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " Id., quoting *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus.

{¶ 15} Both the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution guarantee due process of law. Moreover, an unreasonable delay in resentencing after remand can "run afoul of due process guarantees." *United States v. Sanders* (C.A.6, 2006), 452 F.3d 572, 580. "[A]fter a conviction has been affirmed on appeal, and a case is remanded solely for resentencing, the question of whether any delay in imposing the sentence violates the defendant's right to due process can be answered by looking to: (1) the reasons for the delay; and (2) what prejudice the defendant has suffered as a result of the delay." Id. (applying the due process framework set out in *United States v. Lovasco* (1977), 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752, for preindictment delay to postremand sentencing delay). The Sixth Circuit in *Sanders* did not decide "whether either prong of this test [was] a necessary or sufficient condition for finding a due process violation in a post-trial delay" because the defendant in that case could not satisfy either part of the due process analysis. Id. at 581, fn. 6. The court did note: "A scenario can be imagined where the defendant suffers harsh prejudice, but the government puts forth an excellent rationale excusing the delay. Likewise, it is possible that a lengthy

delay that is shown to be the product of bad faith or unfair dealing on the part of the government does not require a showing of prejudice." Id. However, we need not decide this issue because as we discuss below, Smith has satisfied both prongs of the due process analysis.

{¶ 16} The judiciary plays a limited role in this inquiry. Id. at 580. " 'Judges are not free, in defining "due process," to impose on law enforcement officials our "personal and private notions" of fairness.' " Id., quoting *Lovasco*, 431 U.S. at 790, 97 S.Ct. 2044, 52 L.Ed.2d 752, quoting *Rochin v. California* (1952), 342 U.S. 165, 170, 72 S.Ct. 205, 96 L.Ed. 183. " '[Courts] are to determine only whether the action complained of * * * violates those "fundamental conceptions of justice which lie at the base of our civil and political institutions," and which define "the community's sense of fair play and decency." ' " Id., quoting *Lovasco* at 790, 97 S.Ct. 2044, 52 L.Ed.2d 752.

{¶ 17} First, we must examine the reasons for the sentencing delay. According to the Sixth Circuit in *Sanders:*

> [T]he government's motive for the delay plays an important role in determining whether a due process violation has occurred. A showing that the government made little or no effort to seek a timely resentencing by the district court may create a presumption of a due process violation. Moreover, any evidence that the delay was purposeful or due to bad faith would provide strong evidence of a due process violation. Bad faith requires an affirmative showing by the defendant; it cannot be implied from circumstantial evidence. On the other hand, a showing by the government that the delay was intended to benefit the defendant counsels against a due process violation.

(Citations omitted.) Id., 452 F.3d at 581.

{¶ 18} Moreover, we must also examine what role Smith played in creating or augmenting the delay:

> The defendant does not have a duty to petition the court for resentencing; the onus falls on the government. However, if the defendant exercises his right to make motions or other filings with the court that delay the court from issuing its final ruling, the defendant cannot then argue that this period of time creates a due process violation. Moreover, any finding that the defendant deliberately caused the delay—i.e., by failing to cooperate with the government investigation or by making numerous frivolous filings-counsels against finding a due process violation. This does not in any way limit the right * * * [to mount] a vigorous defense. Our duty simply is to take into account the amount of the

delay resulting from the defendant's own actions and weigh this against the delay caused by the government or the court.

(Citation omitted.)  Id. at 581–582.

{¶ 19} Here, Smith does not allege, nor does the record support a finding, that the government purposely delayed his sentencing or acted in bad faith.  And the state does not allege, nor does the record support a finding, that Smith delayed the hearing in any way beyond filing the appeal that led the state to seek a stay.  However, the record also gives no indication that the state made any effort to resolve Smith's case for more than four years after the trial court's stay was lifted.  Thus, we conclude that the state had no justification for the over-four-year sentencing delay; i.e., the delay was constitutionally unreasonable.

{¶ 20} Next, we must determine whether Smith suffered prejudice as a result of the delay; we conclude that he has.  The trial court originally imposed an aggregate 16–year prison term.  The court later sentenced Smith to an aggregate five-year prison term and notified him that he was subject to a five-year mandatory period of postrelease control on his release from prison.  However, the court did not sentence Smith until he had already spent more than six and one-half years in prison.  Had the trial court sentenced him in a timely fashion, Smith would not have unnecessarily spent more than a year and one-half of extra time in prison for his crimes.  Moreover, Smith could have completed part of postrelease control during that time.

{¶ 21} Because the unjustified delay in sentencing prejudiced Smith, we hold that the trial court violated Smith's due process rights when it imposed the prison sentence.  The violation constituted an obvious defect in the proceedings and clearly affected Smith's substantial rights.  And because the trial court committed plain error when it sentenced Smith on remand after a more than four-year delay, we sustain Smith's first assignment of error in part and vacate Smith's prison sentence.  But contrary to what Smith's brief implies, the due process violation does not necessitate dismissal of the charges against him.  In other words, our decision does not affect the jury's findings of guilt, and Smith's conviction will remain part of his criminal record.  See generally *State v. Brown*, 152 Ohio App.3d 8, 2003-Ohio-1218, 786 N.E.2d 492, ¶ 30.

{¶ 22} This decision renders moot Smith's additional claim that under Crim.R. 32(A) the delay in proceedings caused the trial court to lose jurisdiction to sentence him to prison time.  This decision also renders moot Smith's third assignment of error, in which he contends that trial counsel rendered ineffective assistance by not raising the jurisdictional issue at the sentencing hearing.

## IV. Postrelease Control

{¶ 23} In his second assignment of error, Smith contends that the trial court erred when it imposed postrelease control. He claims that because the court lacked jurisdiction to impose a prison term, the court could not impose postrelease control. We agree that the court erred in imposing postrelease control. We have already vacated Smith's prison sentence because of the due process violation. And because a prison term is a prerequisite to the imposition of postrelease control, R.C. 2967.28, we must vacate the court's postrelease-control order. We sustain Smith's second assignment of error.

## V. Sex–Offender Classification

{¶ 24} In his fourth assignment of error, Smith contends that the trial court erroneously classified him as a Tier II sex offender under S.B. 10, which the legislature enacted after his conviction and initial sentence. Relying solely upon *Bodyke*, Smith contends that the classification violates the separation-of-powers doctrine and constitutional guarantees against ex post facto criminal liability. In *Bodyke*, the Supreme Court of Ohio held that the S.B. 10 versions of "R.C. 2950.031 and 2950.032, which require the attorney general to reclassify sex offenders who have already been classified by court order under former law, impermissibly instruct the executive branch to review past decisions of the judicial branch and thereby violate the separation-of-powers doctrine." *Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, at paragraph two of the syllabus. Because this case does not involve such a reclassification, we reject Smith's reliance on *Bodyke*.

{¶ 25} However, in *Williams*, decided during the pendency of this appeal, the Supreme Court held that S.B. 10, "as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, at syllabus. Smith committed his crimes prior to the enactment of S.B. 10, and his Tier II classification under S.B. 10 must be set aside.

{¶ 26} The remedy in such cases is a remand for classification under the law in effect at the time the offense was committed. *Williams* at ¶ 22. In this case, the resulting delay in classification does not invoke the same due process concerns that cause us to vacate Smith's prison sentence. Classification under the sex-offender system in place prior to S.B. 10 is a civil proceeding, not a criminal punishment. *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110, ¶ 34 (an offender's classification as a sexual predator is a collateral consequence of the offender's criminal acts rather than a form of punishment); see also *State v. Cook* (1998), 83 Ohio St.3d 404, 700 N.E.2d 570 (interpreting former R.C. Chapter 2950 and finding that such sex offender classifications were

remedial in nature and not punitive). Because of this distinction, the former versions of R.C. Chapter 2950 have been applied retroactively, often after substantial delay, and there is no impediment in this case to have the trial court upon remand conduct further proceedings to classify Smith under the applicable sex-offender law. See generally *Cook* at 410–413, 700 N.E.2d 570. Accordingly on remand, the trial court must conduct a new sex-offender-classification hearing and classify Smith pursuant to the factors set forth in R.C. Chapter 2950 as it stood prior to the enactment of S.B. 10. Smith's fourth assignment of error is sustained.

## VI. Allocution

{¶ 27} In his fifth assignment of error, Smith contends that the trial court interfered with his right of allocution at the resentencing hearing. Smith's argument relates to the court's ultimate imposition of prison time, postrelease control, and Tier II classification under S.B. 10, and thus it is moot based on our resolution of the first, second, and fourth assignments of error.

## VII. Motion for Injunctive Relief

{¶ 28} Finally, we address Smith's pending motion before this court for injunctive relief to prevent the trial court from enforcing the conditions of postrelease control. Based upon our determination of the merits of the appeal, this motion is rendered moot.

## VIII. Conclusion

{¶ 29} We sustain Smith's first assignment of error to the extent he contends the court violated his due process rights when it imposed the prison sentence and find it moot to the extent he argues the court lacked jurisdiction to impose the prison sentence. We sustain Smith's second assignment of error. We find Smith's third assignment of error moot. We sustain the fourth assignment of error. We find the fifth assignment of error moot. We remand with instructions to the trial court to issue an order vacating Smith's prison sentence and ordering his release from postrelease control. The trial court shall also conduct a new sex-offender-classification hearing pursuant to the Supreme Court's recent decision in *Williams*. Smith's conviction remains valid. Smith's pending motion for injunctive relief is moot.

Motion for injunctive relief
denied as moot;
judgment affirmed in part
and reversed in part;
and cause remanded with instructions.

KLATT and FRENCH, JJ., concur.

HARSHA, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District.