**[Cite as *State v. Nia*, 2014-Ohio-2527.]**

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99387

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## AKANBI NIA

DEFENDANT-APPELLANT

## DECISION EN BANC:
## SENTENCE AFFIRMED IN PART,
## VACATED IN PART, AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-04-456529-A

**BEFORE:** The En Banc Court

**RELEASED AND JOURNALIZED:** June 12, 2014

**ATTORNEY FOR APPELLANT**

Joseph Vincent Pagano
P.O. Box 16869
Rocky River, Ohio 44116

Akanbi Nia, Pro Se
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio 44901


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   John R. Kosko
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Pursuant to App.R. 26 and Loc.App.R. 26, the en banc court determined that a conflict existed between the original panel's decision in *State v. Nia*, 8th Dist. Cuyahoga No. 99387, 2013-Ohio-4596, and this court's prior decision in *State v. LaSalla*, 8th Dist. Cuyahoga No. 99424, 2013-Ohio-4596, regarding the scope of the trial court's proceedings on remand when the matter has been returned to the trial court to make the required findings necessary to impose consecutive sentences. To secure and maintain uniformity of decisions within the district, we vacate the panel's decision and consider this matter en banc.

{¶2} We find, as the original panel did, that the defendant-appellant, Akanbi Nia, was not prejudiced by the trial court's 68-month delay in resentencing, and he was not deprived of the effective assistance of counsel. However, for the reasons discussed below, we conclude that the trial court failed to make all required findings under R.C. 2929.14(C)(4) that would have supported its imposition of consecutive sentences.

{¶3} Accordingly, we vacate the trial court's sentencing order as it related only to consecutive sentences, and remand this matter to the trial court for the limited purpose of considering whether consecutive sentences are appropriate under R.C. 2929.14(C)(4), and if so, for it to enter the required finding(s) on the record.

**Background Facts**

{¶4} In 2005, a jury convicted Nia of aggravated murder and attempted aggravated murder. The judge sentenced him to an aggregate prison term of 28 years to life. In

*State v. Nia*, 8th Dist. Cuyahoga No. 87335, 2007-Ohio-1283, we affirmed the convictions, but vacated the sentences, and remanded the case to the trial court for resentencing pursuant to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

{¶5} On April 23, 2007, the trial court scheduled a resentencing hearing for May 8, 2007, and ordered the sheriff to transport Nia back to Cuyahoga County. However, Nia was neither transported nor resentenced. On March 31, 2011, Nia filed a pro se motion for discharge. On April 8, 2011, the trial court attempted to conduct a resentencing hearing by video conference, but Nia declined to waive his physical appearance in court. Thereafter, the trial court overruled Nia's motion for discharge.

{¶6} On December 3, 2012, Nia filed a writ of mandamus against the trial court and the prison warden to compel them to remand him to the custody of the Cuyahoga County Sheriff. On December 7, 2012, the trial court ordered that Nia be transported back to Cuyahoga County for resentencing.

{¶7} On December 19, 2012, the trial court resentenced Nia to consecutive prison terms totaling 28 years. In *State ex rel. Nia v. Friedman*, 8th Dist. Cuyahoga No. 99244, 2013-Ohio-706, we denied, as moot, Nia's application for a writ of mandamus.

{¶8} Nia now appeals the December 19, 2012 resentencing, and assigns, through counsel, the following errors for our review:

I.    Appellant's federal and state constitutional right to due process was violated when the trial court imposed a prison term after an unreasonable delay, approximately 68 months after appellant's original sentences were vacated.

II.    Appellant's Sixth Amendment right to [the] effective assistance of counsel was violated where appellant was not resentenced until 68 months after his original sentences were vacated.

III.   The court erred when it sentenced appellant to consecutive prison terms.

{¶9} Nia also assigns the following, pro se, supplemental errors:

IV.    The trial court erred when it imposed a sentence upon the appellant after a 68 month unreasonable delay upon remand for resentencing, violating his rights to due process to a final appealable judgment without unnecessary delay under both the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution guarantee due process of law.

V.     The trial court abused its discretion when it failed to consider whether the state acted in bad faith in the unreasonable delay of having the appellant resentenced.

### Consecutive Sentences

{¶10}   Effective September 30, 2011, the General Assembly enacted H.B. 86, which, among other changes to Ohio's sentencing laws, revived the statutory requirement that a trial court make certain findings before imposing consecutive sentences.   *See* R.C. 2929.14(C)(4).

{¶11} Before we begin with the en banc issue regarding the scope of a remand for resentencing under H.B. 86, and Nia's claim that the trial court failed to make the required H.B. 86 findings, we will sua sponte resolve the conflict between *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, and *State v. Goins*, 8th Dist. Cuyahoga No. 98256,

2013-Ohio-263; both cases deal with our standard of review when determining a H.B. 86 consecutive sentences appeal.

**{¶12}** In *Goins,* a panel of this court upheld the imposition of consecutive sentences where the record offered evidence that the trial court fully engaged in an analysis of R.C. 2929.14(C)(4), even though specific findings were not stated on the record. This suggests that an appellate court should review the entire record to ascertain whether the trial court made the necessary findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences.

**{¶13}** In *Venes*, a panel of this court adopted a strict approach, holding that compliance with R.C. 2929.14(C)(4) requires the trial court to make separate and distinct findings in addition to any findings relating to the purposes and goals of criminal sentencing. *Venes* rejected a piecemeal approach by which a reviewing court reviews and interprets the entire record in an attempt to decipher the trial court's findings.

**{¶14}** Consistent with the legislative intent, sua sponte, we adopt *Venes* as the standard governing our review of consecutive sentences under H.B. 86.

**{¶15}** With this in mind, we now address Nia's specific concerns. It bears underscoring that we review consecutive sentences using the standard of review set forth in R.C. 2953.08. *State v. Wells*, 8th Dist. Cuyahoga Nos. 99305, 99306, and 99307, 2013-Ohio-3809, citing *Venes*, 2013-Ohio-1891, ¶ 10 (holding that the standard of review set forth by the Ohio Supreme Court in *State v. Kalish*, 120 Ohio St.3d 23,

2008-Ohio-4912, 896 N.E.2d 124, is no longer valid in light of the enactment of H.B. 86 and the "revival" of statutory findings necessary for imposing consecutive sentences).

{¶16} R.C. 2953.08(G)(2) provides two grounds for an appellate court to overturn the imposition of consecutive sentences: (1) the sentence is "otherwise contrary to law"; or (2) the appellate court, upon its review, clearly and convincingly finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4). *Id.*, citing *Venes* at ¶ 11; R.C. 2953.08(G)(2).

{¶17} The presumption in Ohio is that sentencing is to run concurrent, unless the trial court makes the required findings for imposing consecutive sentences set forth in R.C. 2929.14(C)(4). *Wells*, 8th Dist. Cuyahoga No. 98428, 2013-Ohio-1179, ¶ 11; R.C. 2929.41(A).

{¶18} Under R.C. 2929.14(C)(4), when imposing consecutive sentences, the trial court must first find the sentence is "necessary to protect the public from future crime or to punish the offender." Next, the trial court must find that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Finally, the trial court must find that one of the following factors applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction * * *, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the

multiple offenses so committed was so great or unusual that no single prison term * * * adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C).

**{¶19}** Compliance with this statute "requires separate and distinct findings in addition to any findings relating to purposes and goals of criminal sentencing." *Venes*, 2013-Ohio-1891 at ¶ 17, citing *State v. Jones*, 93 Ohio St.3d 391, 399, 2001-Ohio-1341, 754 N.E.2d 1252. The failure to make these findings renders the sentence "contrary to law." *Id*. at ¶ 12.

**{¶20}** We now turn to the en banc question raised by the state in this case. The original panel in *Nia*, 8th Dist. Cuyahoga No. 99387, 2013-Ohio-5424, reversed appellant's sentence and remanded to the trial court to conduct a de novo resentencing hearing. The state, in its application for en banc consideration, suggests that a remand for a de novo resentencing hearing implies that any issue regarding sentencing could be reviewed. For example, the issue of mitigation of sentence could be reassessed.

**{¶21}** In *LaSalla*, 8th Dist. Cuyahoga No. 99424, 2013-Ohio-4596, a different panel of this court held that the proper remedy for correcting an error during imposition of consecutive sentences is a limited remand for the purpose of determining whether consecutive sentences should be imposed. Several panels of this court are in accord with *LaSalla*. *See State v. White*, 8th Dist. Cuyahoga No. 99280, 2013-Ohio-3808, ¶ 6, citing

*State v. Dodson*, 8th Dist. Cuyahoga No. 98521, 2013-Ohio-1344; *State v. Ross*, 8th Dist. Cuyahoga No. 98763, 2013-Ohio-3130; *State v. Walker*, 8th Dist. Cuyahoga No. 97648, 2012-Ohio-4274.

**{¶22}** We resolve the conflict and hold that the trial court is limited on remand to only the question raised regarding the required findings pursuant to R.C. 2929.14(C)(4) to justify consecutive sentences.

**{¶23}** We now turn to Nia's originally assigned error, which is whether the trial court made the required H.B. 86 findings to support the order of consecutive sentences.

**{¶24}** In the instant case, a review of the record reveals that the trial court did not totally comply with the requirements of R.C. 2929.14(C)(4) prior to the re-imposition of consecutive sentences. At the hearing, the trial court discussed Nia's criminal conduct and specifically stated:

> I don't always remember individual cases, and even some very serious ones tend to get confused over time. Some, on the other hand, some cases remain very active in memory. And every time I drive by the intersection of Superior and Coventry Roads in East Cleveland — and that is more than occasionally — I remember this trial. I remember the circumstances. I remember what happened. Tr. 19.

**{¶25}** The trial court then proceeded to make the following pertinent finding:

> I firmly believe, as I did then, that nothing less than a consecutive sentence would adequately punish you, protect society, and anything less would demean the seriousness of this incident. I am not known on this court for giving many consecutive sentences, or lengthy sentences. In this case I believe that anything less than the 20 years to life plus eight years consecutive would not be appropriate. Tr. 20.

**{¶26}** Here, a review of the above excerpt reveals that the trial court found that a consecutive sentence was necessary to adequately punish Nia and protect the public. The trial court also found that consecutive sentences were not disproportionate to the seriousness of Nia's conduct and to the danger he poses to the public as required by R.C. 2929.14(C)(4).

**{¶27}** However, the trial court failed to find that at least one of the factors in R.C. 2929.14(C)(4), subsection (a), (b), or (c) applied. The trial court came close when it stated: "I do recall my own statement in the sentencing that there were — this is not a — simply a case of murder but the attempted murder as well are such that I do not believe that concurrent sentences are appropriate." Tr. 19. Here, the trial court stated what could be interpreted as the rationale for a subsection (b) finding, but stopped short of specifically stating the finding.

**{¶28}** Consequently, in keeping with *Venes*, because the trial court failed to make all the separate and distinct findings as required, the consecutive sentence was not properly imposed. Accordingly, we sustain Nia's third assigned error, remand to the trial court for the limited purpose of considering whether consecutive sentences are appropriate under R.C. 2929.14(C)(4), and if so, to enter the proper finding on the record.

**Delay in Resentencing**

{¶29} Because of their common basis in fact and law, we will simultaneously address the first, fourth, and fifth assigned errors. Within these assigned errors, Nia contends the trial court violated his due process rights when it imposed a prison term after a 68-month delay.

{¶30} Preliminarily, we note this court has repeatedly held that the requirement under Crim.R. 32(A) that a sentence be imposed without unnecessary delay does not apply to resentencing. *State v. Wright*, 8th Dist. Cuyahoga No. 95010, 2011-Ohio-482; *State v. Coleman*, 8th Dist. Cuyahoga No. 94866, 2011-Ohio-341; *State v. Craddock*, 8th Dist. Cuyahoga No. 94387, 2010-Ohio-5782; *State v. Huber*, 8th Dist. Cuyahoga No. 85082, 2005-Ohio-2625.

{¶31} When reviewing a delay in resentencing, the appellate court must consider whether the delay prejudiced the defendant. *State v. McQueen*, 8th Dist. Cuyahoga No. 91370, 2009-Ohio-1085, ¶ 5. Whether the defendant suffered prejudice as a result of the delay depends on the facts of the case. *Id.* For example, we have found prejudice when the defendant was released on bond during the delay and was then ordered to return to prison to serve an additional two months after the length of his sentence had lapsed. *Euclid v. Brackis*, 135 Ohio App.3d 729, 735 N.E.2d 511 (8th Dist.1999). However, we did not find prejudice where the defendant was incarcerated during the length of the delay and would not have been eligible for release during that time period. *Huber*, 8th Dist. Cuyahoga No. 85082, 2005-Ohio-2625.

**{¶32}** As previously noted, we affirmed Nia's convictions. *Nia*, 8th Dist. Cuyahoga No. 87335, 2007-Ohio-1283. Nia's convictions included one for aggravated murder, under R.C. 2903.01, which carries a mandatory penalty of incarceration for 20 years to life. R.C. 2929.03(A).

**{¶33}** In the instant case, approximately 68 months elapsed between our remand and Nia's resentencing. Nia does not allege, nor does the record support, a finding that the government purposely delayed his sentencing or acted in bad faith. In addition, the state does not allege, nor does the record support, a finding that Nia delayed the hearing in any way. Thus, we view this delay as a serious administrative lapse.

**{¶34}** However, despite the lengthy delay, we cannot find prejudice to Nia given the facts of this case. Here, the trial court was required to resentence Nia to a minimum of 20 years imprisonment based only on the aggravated murder conviction. Because Nia could not have been released during the 68-month delay, he was not prejudiced.

**{¶35}** Nia cites *State v. Smith*, 196 Ohio App.3d 431, 2011-Ohio-3786, 964 N.E.2d 3 (10th Dist.), in support of his contention that his right to due process was violated. However, *Smith* is distinguishable from the case at hand. In *Smith*, the court stated:

> The trial court originally imposed an aggregate 16-year prison term. The court later sentenced Smith to an aggregate five-year prison term and notified him that he was subject to a five-year mandatory period of postrelease control on his release from prison. However, the court did not sentence Smith until he already spent more than six and one-half years in prison. Had the trial court sentenced him in a timely fashion, Smith would not have unnecessarily spent more than a year and one-half of "extra" time

in prison for his crimes. Moreover, Smith could have completed part of postrelease control during that time. *Id* at ¶20.

{¶36} Here, as previously stated, the trial court was required to resentence Nia to a minimum of 20 years imprisonment based only on the aggravated murder conviction. Therefore, unlike *Smith*, Nia would not have unnecessarily spent more time in prison by virtue of the 68-month delay. As such, Nia was not prejudiced by the delay. Accordingly, we overrule the first, fourth, and fifth assigned errors.

## Ineffective Assistance of Counsel

{¶37} In the second assigned error, Nia argues that if we determine that counsel did not preserve his right to appeal his resentencing, then he was denied the right to the effective assistance of counsel. Our review of the transcript of the sentencing hearing reveals that Nia's right to appeal his resentencing was adequately preserved by Nia and his counsel. Further, our disposition of the first, fourth, and fifth assigned errors, wherein we found that Nia was not prejudiced by the 68-month delay in resentencing, renders this issue moot. Accordingly, we overrule the second assigned error.

{¶38} Sentence affirmed in part and vacated in part; case remanded for the trial court to consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4), and if so, to enter the proper finding on the record.

It is ordered that appellee and appellant split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE


FRANK D. CELEBREZZE, JR., J.,
EILEEN A. GALLAGHER, J.,
EILEEN T. GALLAGHER, J.,
SEAN C. GALLAGHER, J.,
LARRY A. JONES, SR., J.,
KATHLEEN ANN KEOUGH, J.,
MARY EILEEN KILBANE, J.,
TIM McCORMACK, J.,
KENNETH A. ROCCO, J., and
MELODY J. STEWART, J. CONCUR

KENNETH A. ROCCO, J., CONCURS WITH SEPARATE OPINION

EILEEN T. GALLAGHER, J., CONCURS WITH SEPARATE OPINION in which Frank D. Celebrezze, Jr., J., Larry A. Jones, Sr., J., and Kenneth A. Rocco, J., also concur

MARY J. BOYLE, A.J., CONCURS IN PART AND DISSENTS IN PART, WITH SEPARATE OPINION


KENNETH A. ROCCO, J., CONCURRING:

{¶39} While I concur in the majority opinion, I write separately to voice my agreement with the statements expressed in Administrative Judge Boyle's partial dissent.

The trial court's rationale for the chosen sentence, i.e., an explanation of its reasons for making the required "findings," is in my judgment of greater import for purposes of appellate review than are the statutory findings themselves. But, because it has been a long, hard slog to the point where the trial court actually makes the required findings, perhaps we should let the matter rest here for a while.

EILEEN T. GALLAGHER, J., CONCURRING:

{¶40} I concur with the majority's holding that cases involving sentencing errors that occur during the imposition of consecutive sentences should be remanded to the trial court for the limited purpose of determining whether consecutive sentences should be imposed, and to make the findings required by R.C. 2929.14(C). I also agree that compliance with R.C. 2929.14(C) "requires separate and distinct findings in addition to any findings relating to the purposes and goals of criminal sentencing." *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 17.

{¶41} I write separately to express my concern with the practical effect of R.C. 2929.14(C). We all agree the court is not required to use "magic" words in order to satisfy its obligation to make the required findings. But as a practical matter, the statute constrains judges to use or paraphrase language from the statute in order to comply with its requirements. At the same time, the statute does *not* require the judge to place his or her analysis in reaching the findings on the record so that the people involved in the case may

hear it.  Bare findings, without analysis, provide no insight into the court's reasoning for either the parties, the public, or a reviewing court.

{¶42} Judges take the findings seriously and complete the analysis necessary to reach them.  However, because the General Assembly only requires the court to state findings and does not require that it provide any substance or analysis for its findings, the parties to the case may not understand or appreciate how the court reached its sentence. When a court strictly complies with the statute, makes the required findings, and says nothing more (as it is permitted to do), neither the defendant, the state, nor the victim will garner any benefit from the sentencing hearing.  For example, one might wonder why the court sentenced a defendant on one felony count to the low end and another felony count to the high end of the statutory range and ordered consecutive service.  Something valuable to the administration of justice is lost.  In those cases, R.C. 2929.14(C) does not require a meaningful sentencing hearing; it only requires findings.

MARY J. BOYLE, A.J., CONCURRING IN PART AND DISSENTING IN PART:

{¶43} I agree with the majority's holding regarding the en banc question raised by the state in this case, i.e., that the scope of a resentencing hearing on remand from this court on a consecutive sentence error is limited to the consideration of whether consecutive sentences are appropriate, and if so, to make the proper findings pursuant to the dictates of R.C. 2929.14(C)(4).

**{¶44}** I disagree with the majority, however, on its analysis regarding the issue raised sua sponte by this court, namely, that R.C. 2929.14(C)(4) requires a trial court to give a rote recitation of the words of the statute when making its consecutive sentence findings. According to the majority, a trial court simply needs to read from R.C. 2929.14(C)(4), stating the proper "buzz words" within each of the findings, with nothing more required from the trial court (because under H.B. 86, a trial court is no longer required to give its *reasons* for selecting the relevant findings).

**{¶45}** It is my view — as this court and others have long held — that "[i]n making [the R.C. 2929.14(C)(4)] findings, a trial court is not required to use 'talismanic words to comply with the guidelines and factors for sentencing.'" *State v. Goins*, 8th Dist. Cuyahoga No. 98256, 2013-Ohio-263, ¶ 10, quoting *State v. Brewer*, 1st Dist. Hamilton No. C-000148, 2000 Ohio App. LEXIS 5455, *10 (Nov. 24, 2000). Thus, there are no "buzz words" or "magic phrases" that a trial court must state. *Goins* at ¶ 10. Rather, I believe that when the record indicates that a trial court has held a comprehensive hearing, where it considered all of the appropriate statutory criteria, including R.C. 2929.11, 2929.12, and 2929.14(C)(4), and made extensive and thoughtful findings, then the trial court has fulfilled its duty under R.C. Chapter 2929. If the trial court fulfills these requirements, then a defendant will have received a more thorough and complete sentencing hearing than if the trial court simply read from the statute and recited the necessary factors. This is especially true under H.B. 86, as opposed to S.B. 2, because, as

I previously stated, the newer version of the consecutive sentencing statute no longer requires a trial court to give its reasons for imposing consecutive sentences.

**{¶46}** It is well established that under H.B. 86, "[a]n appellate court must conduct a meaningful review of the trial court's sentencing decision." *Goins* at ¶ 6, citing *State v. Johnson*, 8th Dist. Cuyahoga No. 97579, 2012-Ohio-2508, ¶ 6. Meaningful appellate review under R.C. 2953.08(G)(2) requires this court to "review the record." Thus, on appeal, it is our *duty* to thoroughly review the record to determine if it supports the trial court's imposition of consecutive sentences. R.C. 2953.08(G)(2).

**{¶47}** By adopting *Venes*, we will undeniably and unnecessarily be remanding countless numbers of appeals — just so the trial court can say the "magic" words — even if the defendant has already received a thorough and complete sentencing hearing at which the trial court complied with all of the required statutory sentencing mandates. This certainly cannot be what the legislature intended when it enacted R.C. 2929.14(C)(4). This will be an unfortunate waste of not only the trial court's time, but its limited resources. And most certainly, this court can expect to see the case again after the resentencing hearing, when the defendant will then argue that the record does not clearly and convincingly support the trial court's findings.

**{¶48}** Accordingly, because it is my view that *Goins* is more consistent with what the legislature intended when it enacted R.C. 2929.14(C)(4), I respectfully concur in part with and dissent in part from the majority's opinion.