[Cite as *State v. Ervin*, 2014-Ohio-2981.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100528**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# GARY ERVIN

DEFENDANT-APPELLANT

## JUDGMENT:
### AFFIRMED IN PART, REVERSED IN PART,
### AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-04-448726-B

**BEFORE:** Jones, P.J., S. Gallagher, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 3, 2014

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
Leader Building, Suite 940
526 Superior Avenue
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: John R. Kosko
        Brett Hammond
        Joseph J. Ricotta
Assistant County Prosecutors
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant Gary Ervin appeals from the trial court's September 2013 sentencing judgment entry. We affirm in part, reverse in part, and remand the case for further proceedings.

## I. Procedural History

{¶2} In 2004, Ervin was charged with 14 crimes stemming from the death of Darnell Lester and the assault of several FBI agents; his codefendants, Aubrey Waller and Wayne Ervin, were also charged with crimes for their participation in the incident.[1]

{¶3} A jury convicted Ervin of felony murder, one count each of kidnapping, aggravated robbery, grand theft of a motor vehicle, carrying a concealed weapon, and six counts of felonious assault. The trial court sentenced him to 31 years to life that included a consecutive sentence.

{¶4} Ervin appealed and in August 2006, this court issued its decision, wherein Ervin's conviction was upheld, but the sentence was vacated and the case was remanded for resentencing. *State v. Ervin*, 8th Dist. Cuyahoga No. 87333, 2006-Ohio-4498.

{¶5} The trial court issued three orders on the following dates requesting that Ervin be returned from prison to Cuyahoga County: November 11, 2006, February 14, 2007, and August 7, 2007. Ervin was never returned pursuant to those orders, however.

{¶6} In 2013, the state filed a motion for writ of habeas corpus ad prosequendum

---

[1] *See State v. Ervin*, 8th Dist. Cuyahoga No. 87333, 2006-Ohio-4498, for a detailed recitation of the facts.

wherein it sought an order directing the prison where Ervin was incarcerated to release him so that he could appear for hearing in this case. The trial court granted the motion, Ervin was released, and he was resentenced in September 2013. The court sentenced him to the same 31-years-to-life term. It also imposed court costs against him.

{¶7} Ervin presents the following assignments of error for our review:

[I.] The trial court erred when it imposed a sentence upon Appellant after a seven (7) year unnecessary and unreasonable delay upon remand for resentencing, violating his rights to a final appealable judgment without unnecessary delay under the United States Constitution and the Ohio Constitution, which guarantee due process of law.

[II.] The trial court erred by ordering Appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14 and HB 86.

[III.] The trial court erred by ordering convictions and a consecutive sentence for separate counts because the trial court failed to make a proper determination as to whether those offenses are allied offenses pursuant to R.C. 2941.25 and they are part of the same transaction under R.C. 2929.14.

[IV.] The trial court erred by ordering Appellant to pay costs in the journal entry because it was not addressed or ordered in open court.

II.   Law and Analysis

**Delay in Resentencing**

{¶8} Ervin contends in his first assignment of error that the trial court's seven-year delay violated his constitutional rights. He acknowledges this court's decision in *State v.*

*Nia*, 8th Dist. Cuyahoga No. 99387, 2013-Ohio-5424,[2] but contends that there is a distinction here.

**{¶9}** In *Nia*, 68 months, or approximately five years, elapsed between the time the defendant's case was remanded for resentencing and the time the resentencing occurred. The delay was due to a "serious administrative lapse." *State v. Nia*, 8th Dist. Cuyahoga No. 99387, 2014-Ohio-2527, ¶ 33.

**{¶10}** This court cited to its previous holding that the "requirement under Crim.R. 32(A) that a sentence be imposed without unnecessary delay does not apply to resentencing." *Id.* at ¶ 30, citing *State v. Wright*, 8th Dist. Cuyahoga No. 95010, 2011-Ohio-482; *State v. Coleman*, 8th Dist. Cuyahoga No. 94866, 2011-Ohio-341; *State v. Craddock*, 8th Dist. Cuyahoga No. 94387, 2010-Ohio-5782; and *State v. Huber*, 8th Dist. Cuyahoga No. 85082, 2005-Ohio-2625.

**{¶11}** "When reviewing a delay in resentencing, the appellate court must consider whether the delay prejudiced the defendant." *Nia* at ¶ 31, citing *State v. McQueen*, 8th Dist. Cuyahoga No. 91370, 2009-Ohio-1085, ¶ 5. "Whether the defendant suffered prejudice as a result of the delay depends on the facts of the case." *Nia* at ¶ 31. This court has previously not found prejudice in instances where the defendant was incarcerated during the delay and would not have been eligible for release during that time period. *Nia* at ¶ 31, citing *Huber*.

---

[2]*Nia* was recently reconsidered by this court en banc. The issue for consideration in the en banc proceeding was consecutive sentences. This court's holding relative to delay in resentencing remained the same. *State v. Nia*, 8th Dist. Cuyahoga No. 99387, 2014-Ohio-2527.

{¶12} In *Nia*, this court ordered the trial court to resentence the defendant to a minimum of 20 years on one of the two counts on which he had been convicted. Thus, because the defendant could not have been released during the 68 months that it took for the trial court to resentence him, this court found he was not prejudiced. *Id.* at ¶ 34.

{¶13} Ervin contends that his case is distinguishable from *Nia* because he was "in fact prejudiced by the delay" based on the fact that the "law with respect to consecutive sentences which applies directly to Mr. Ervin has changed numerous times since 2005."

{¶14} Ervin was first sentenced in November 2005, and the version of R.C. 2929.14 in effect then required the trial court to make findings when imposing consecutive sentences. In November 2005, Ervin appealed his sentence, contending that the trial court did not make the required findings.

{¶15} In February 2006, while Ervin's appeal was pending, the Ohio Supreme Court issued its decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, wherein it held that several sentencing provisions, including R.C. 2929.14 governing consecutive sentences, were unconstitutional; the offending sections were excised from the Revised Code.

{¶16} Because Ervin's appeal was pending at the time *Foster* was decided, this court applied *Foster*, vacated his sentence, and remanded for resentencing in accordance with *Foster*. This court declined to address Ervin's contention that *Foster* violated his right against ex post facto legislation because the issue was not ripe for review as Ervin had not yet been sentenced under *Foster*.

{¶17} The delay occurred on remand, and when Ervin was resentenced in 2013, *Foster* no longer applied; rather, the requirements under R.C. 2929.14 governing the imposition of consecutive sentences had been reinstated.  According to Ervin, the authority under which he was sentenced in 2013 "did not exist at the time of the offense or at the time of his convictions."  We disagree.

{¶18} The statutory findings required for the imposition of consecutive sentences in 2005, when Ervin was initially sentenced, and in 2013, when he was resentenced, were substantively the same: "former R.C. 2929.14(E)(4) had been 'revived' under Am.Sub.H.B. No. 86 and recodified as R.C. 2929.14(C)(4)."  *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453 (8th Dist.), ¶ 2.

{¶19} On this record, Ervin's contention that he was prejudiced by the change in law is not well taken.  The revived statutory requirements that the trial court was required to follow in 2013 were the same requirements it was required to follow when it initially sentenced Ervin.  And those requirements required more of the trial court before imposing consecutive sentences, as opposed to the sentencing scheme under *Foster*, which did not require findings.

{¶20} Moreover, Ervin was sentenced to 31 years to life in this case, and was serving a 101-year sentence imposed by the federal court.  Thus, because the defendant could not have been released during the approximate 84 months that it took for the trial court to resentence him, he was not prejudiced by the delay.

{¶21} In light of the above, the first assignment of error is overruled.

**Consecutive Sentence**

**{¶22}** For his second assignment of error, Ervin contends that the trial court erred in imposing a consecutive sentence because it did not make the required statutory findings. We agree.

**{¶23}** Under R.C. 2953.08(G)(2), we may overturn the imposition of a consecutive sentence if (1) the sentence is otherwise contrary to law or (2) we clearly and convincingly find that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4). *See also Venes*, 2013-Ohio-1891, 992 N.E.2d 453 (8th Dist.) ¶ 11; *State v. Goins*, 8th Dist. Cuyahoga No. 98256, 2013-Ohio-263, ¶ 6.

**{¶24}** In imposing consecutive sentences, R.C. 2929.14(C)(4) requires that the trial court must find that the sentence is "necessary to protect the public from future crime or to punish the offender," that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and the existence of one of the three statutory factors set forth in R.C. 2929.14(C)(4)(a)-(c), which are as follows:

> (a) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction imposed pursuant to R.C. 2929.16, 2929.17, or 2929.18, or while under postrelease control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
> The trial court found that subsections (b) and (c) applied.

**{¶25}** However, the court failed to find that the sentence was necessary to protect the public from future crime or to punish Ervin, and it failed to make the disproportionality finding. Thus, we reverse and remand for resentencing so that the trial court can review the record to determine if it supports the imposition of consecutive sentences and, if so, to make the required findings. *See Nia*, 8th Dist. Cuyahoga No. 99387, 2014-Ohio-2527, ¶ 28.

**{¶26}** The second assignment of error is sustained.

**Allied Offenses Analysis**

**{¶27}** In his third assignment of error, Ervin contends that the trial court erred in imposing consecutive sentences because it failed to make a proper determination as to whether the offenses were allied offenses. Although we are remanding for resentencing, we nonetheless address Ervin's contention and find it to be without merit.

**{¶28}** Initially, we note that Ervin's contention is barred under the doctrine of res judicata. "The doctrine of res judicata prevents repeated attacks on a final judgment and applies to all issues that were or might have been previously litigated." *State v. Lowe*, 9th Dist. Summit No. 25475, 2011-Ohio-3355, ¶ 7. Ervin did not raise this issue in his first appeal and, thus, his contention here is barred by res judicata.

**{¶29}** Notwithstanding that the doctrine of res judicata bars Ervin's contention, it substantively has no merit. That is, the trial court did consider whether the offenses were allied. Specifically, the court stated the following:

> [T]his crime * * * involved three separate courses of conduct * * *. It was a very serious, heinous offense that involved a deliberate, cold, and

calculated kidnapping of an individual, who, during the course of that kidnapping, in fear of his life, contacted FBI agents, [and] communicated the fact surreptitiously that he was under the custody of these individuals * * *.

* * *

And then [FBI agents] showed up. Instead of surrendering themselves, a felonious assault was committed against the FBI agents. And then a series of gunfire erupts from the car * * *; return fire takes place and the kidnap victim is murdered as a result.

{¶30} The trial court asked counsel, "[a]re we all in agreement that none of these sentences merge for any particular or allied offenses." The assistant prosecuting attorney reminded the court that it had previously merged the counts of felonious assault against the FBI agents, but stated that with the exception of those counts, there was no other merger. Defense counsel stated that, based on this court's decision, the trial court was left with "discretion to lessen the sentence or leave it the way it is * * *." Ervin spoke and urged the court to merge the counts that it had not previously merged.

{¶31} On this record, the court properly considered the issue of merger. Moreover, the record supports the court's finding that, besides the charges of felonious assault against the FBI agents, the other crimes were committed with a separate animus and, therefore, were not subject to merger.

{¶32} In light of the above, the third assignment of error is overruled.

**Imposition of Costs**

{¶33} For his final assignment of error, Ervin contends that the trial court erred in assessing costs against him because, although it was stated in the sentencing entry, he was

not so informed in open court.   The state concedes the error and we agree.

**{¶34}** In *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, the Ohio Supreme Court held that it was reversible error under Crim.R. 43(A) for the trial court to impose costs in its sentencing entry when it did not impose those costs at the sentencing hearing.   *Id.* at ¶ 22.

**{¶35}** The fourth assignment of error is, therefore, sustained.

**{¶36}** Judgment affirmed in part and reversed in part; case remanded for resentencing as to the consecutive counts and for advisement to the defendant about the imposition of costs.

It is ordered that appellant and appellee split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
EILEEN T. GALLAGHER, J., CONCUR