OPINION
{¶ 1} Plaintiff-appellant, the state of Ohio, appeals the criminal sentence imposed by the Clinton County Court of Common Pleas, arguing that the trial court committed error when it departed downward from the presumption of prison and imposed a community control sanction on defendant-appellee, Kahlif E. Zione.[1] *Page 2 
 {¶ 2} Before we address the issues set forth in this appeal, we note that the state made specific references to appellee's presentence investigation ("PSI") report in its argument, and attached a copy of the PSI to its appellate brief. R.C. 2951.03(A)(2) and (D)(1) clearly state that a PSI report prepared for sentencing purposes shall be considered confidential information and is not a public record under R.C. 149.43. According to R.C. 2951.03(D)(2), immediately after imposition of the sentence, copies of the PSI shall be returned to the trial court, and the defendant, his counsel, or the prosecutor "shall not make any copies of the presentence investigation report or part of the * * * report that the court made available to them pursuant to this section."
 {¶ 3} Based upon the fact that a confidential document was attached to the state's appellate brief, which is available to the public, we are compelled to place the state's appellate brief under seal to avoid further public disclosure of the information contained in the PSI.
 {¶ 4} Returning to the merits of the instant appeal, the record in this case indicates that appellee pled guilty to the second-degree felony charge of burglary as part of a negotiated plea.
 {¶ 5} The state asserts under its single assignment of error that the trial court erred in imposing a community control sanction when it failed to impose the presumptive prison term on the second-degree felony and departed downward to community control without making the requisite findings on the record. The state also argues the record on appeal does not support the downward departure to a community control sanction and the sentence should be reversed and remanded with instructions to resentence appellee to impose a prison term within the appropriate range.[2] *Page 3 
 {¶ 6} A trial court at sentencing is required to make judicial findings only for downward departures pursuant to R.C. 2929.13(D), or for judicial release. See State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, ¶ 36.
 {¶ 7} R.C. 2929.13(D)(1) provides: "Except as provided in division (E) or (F) of this section, for a felony of the first or second degree, * * * it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code."
 {¶ 8} R.C. 2929.13(D)(2) states, that: "Notwithstanding the presumption established under division (D)(1) of this section for the offenses listed in that division * * *, the sentencing court may impose a community control sanction * * * instead of a prison term on an offender for a felony of the first or second degree * * * if it makes both of the following findings:
 {¶ 9} "(a) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.
 {¶ 10} "(b) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense."
 {¶ 11} The sentencing statute of R.C. 2953.08(G)(1), states: "If the sentencing court was required to make the findings required by division (B) or (D) of section 2929.13, * * * relative to the imposition or modification of the sentence, and if the sentencing court failed to *Page 4 
state the required findings on the record, the court hearing an appeal under division (A), (B), or (C) of this section shall remand the case to the sentencing court and instruct the sentencing court to state, on the record, the required findings." See, also, Mathis at ¶ 36.
 {¶ 12} A review of the sentencing transcript in the instant case indicates that the trial court made none of the specific findings outlined above at the sentencing hearing to deviate downward from a presumption of prison.
 {¶ 13} In the sentencing entry, the trial court indicated that it considered both the principles and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, but failed to make all of the findings outlined in R.C. 2929.13(D). Specifically, the trial court did not make findings pertaining to how this appellee posed a lesser likelihood of recidivism or his conduct was less serious than conduct normally constituting the offense. See R.C. 2929.13(D)(2)(a) and (b).
 {¶ 14} The trial court did not make findings sufficient to substantiate a downward departure from a presumption of prison to enable this court to properly review the issues on appeal. The state's assignment of error is sustained only as it pertains to the lack of findings on the record for the downward departure from a presumption of prison.
 {¶ 15} Appellee's sentence is reversed and this cause remanded to the trial court for resentencing in accordance with the law and consistent with this Opinion. The brief filed by the state of Ohio shall be sealed so as to prevent further public disclosure of the contents of the presentence investigation report attached to the brief.
 {¶ 16} Judgment reversed and remanded.
WALSH, P.J., and BRESSLER, J., concur.
[1] Pursuant to Loc. R. 6(A), we have sua sponte removed this appeal from the accelerated calendar.
[2] Appellee did not file a brief in this case. *Page 1