[Cite as *State v. Lewis*, 2013-Ohio-1309.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | CASE NO. CA2012-08-075 |
| | : | O P I N I O N |
| - vs - | | 4/1/2013 |
| | : | |
| DAMON LEWIS, | : | |
| Defendant-Appellee. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 11CR27900

David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellant

Madden & Oswall Co., LPA, William F. Oswall, Jr., 810 Sycamore Street, 5th Floor, Cincinnati, Ohio 45202, for defendant-appellee

**PIPER, J.**

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals a decision of the Warren County Court of Common Pleas, sentencing defendant-appellee, Damon Lewis, to community control rather than prison.

{¶ 2} Lewis was arrested on multiple drug-related offenses after he purchased approximately 15 pounds of marijuana from a police informant. Lewis arranged for the

informant to deliver the drugs to the house where Lewis, his wife, and four children lived. Lewis was indicted on single counts of aggravated trafficking in drugs, aggravated possession of drugs, trafficking in marijuana, possession of marijuana, possession of criminal tools, endangering children, and engaging in a pattern of corrupt activity. Lewis pled guilty to aggravated possession of drugs, a third-degree felony, trafficking in marijuana, a second-degree felony, and engaging in a pattern of corrupt activity, a first-degree felony. The other four counts were dismissed by the state.

{¶ 3} After the plea hearing, the trial court ordered a presentence investigation, and also received multiple letters in support of Lewis. During the sentencing hearing, the trial court heard from several people who spoke in support of Lewis. The trial court, who had considered the presentence investigation report and the myriad of support for Lewis, suspended a 12-year prison sentence and instead imposed community control sanctions upon Lewis. Additionally, the trial court sentenced Lewis to 180 days in the county jail with work release privileges. The state now appeals Lewis' sentence, raising the following assignment of error.

{¶ 4} THE WARREN COUNTY COURT OF COMMON PLEAS ABUSED ITS DISCRETION WHEN IT SENTENCED THE APPELLEE TO SERVE COMMUNITY CONTROL BECAUSE IT FAILED TO MAKE THE REQUISITE STATUTORY FINDINGS TO SUPPORT ITS DECISION TO DEPART FROM THE PRESUMPTIONS IN FAVOR OF A PRISON TERM.

{¶ 5} The state argues in its sole assignment of error that the trial court abused its discretion in failing to make requisite statutory findings when departing from the presumption of a prison sentence in favor of community control.

{¶ 6} Lewis was convicted of trafficking in marijuana in violation of R.C. 2925.03(A)(2). According to R.C. 2925.03(C)(3)(d),

if the amount of the drug involved equals or exceeds one thousand grams but is less than five thousand grams, trafficking in marihuana is a felony of the third degree, and division (C) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender. If the amount of the drug involved is within that range and if the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in marihuana is a felony of the second degree, and there is a presumption that a prison term shall be imposed for the offense.

Further, and according to R.C. 2929.13(D)(1), "it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code" for a felony drug offense in violation of any provision of Chapter 2925 of the Revised Code for which a presumption of a prison term is specified as being applicable.

{¶ 7} R.C. 2929.13(D)(2) goes on to state,

the sentencing court may impose a community control sanction or a combination of community control sanctions instead of a prison term on an offender for a felony of the first or second degree or for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable if it makes both of the following findings:

(a) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.

(b) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.

{¶ 8} Although the trial court chose to impose community control sanctions rather than the presumed prison sentence, the court failed to make the requisite findings as

required by R.C. 2929.13(D)(2). The transcript of the sentencing hearing reveals that the trial court did not enter its sentence lightly, and that it imposed community control sanctions instead of a prison term only after taking into consideration the presentence investigation report and multiple mitigation factors as set forth by Lewis and his supporters. However, the statute requires that before the trial court imposes community control when a presumption of prison exists, the trial court must first make two specific findings. While the trial court "considered," "reviewed the purposes of felony sentencing," "balanced the seriousness and recidivism factors under R.C. § 2929.12," and "considered the factors under R.C. § 2929.13" it did not make the specific findings as required by statute. *State v. Zione*, 12th Dist. No. CA2008-08-032, 2009-Ohio-1455, ¶ 6, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855; *see also* R.C. 2953.08(G)(1).

{¶ 9} As previously stated, the record is clear that the trial court considered several factors before deviating downward from the presumption of a prison sentence. While the trial court *considered* the statutory factors set forth in R.C. 2929.13(D)(2) before making its decision, we cannot state that the trial court's decision complies with the statutory requirement that *findings* be made. Therefore, we sustain the state's assignment of error, vacate Lewis' sentence, and remand for resentencing.

{¶ 10} Judgment reversed, and the cause is remanded for further proceedings.

RINGLAND, P.J., and M. POWELL, J., concur.