[Cite as *State v. Wittenberg*, 2017-Ohio-654.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104591**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## MARC D. WITTENBERG

DEFENDANT-APPELLEE

**JUDGMENT:**
VACATED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-593183-A

**BEFORE:** Laster Mays, J., Keough, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** February 23, 2017

**ATTORNEYS FOR APPELLANT**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:    Anthony T. Miranda
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Roger M. Synenberg
Dominic J. Coletta
Clare Moran
Synenberg & Associates
55 Public Square, Suite 1331
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Plaintiff-appellant state of Ohio appeals the trial court's decision to sentence defendant-appellee Marc Wittenberg ("Wittenberg") to community control sanctions instead of imprisonment and asks this court to remand for the trial court to state its findings under R.C. 2929.13 justifying a sentence of community control sanctions instead of a term of imprisonment. We remand to the trial court.

## I. Facts

{¶2} After executing a search warrant on Wittenberg's home, the Southeast Area Law Enforcement Task Force recovered approximately 8,800 grams of marijuana and 900 grams of packaged hashish. Wittenberg was subsequently charged with trafficking in drugs, drug possession, and possessing criminal tools. Each of these counts had one-year firearm, schoolyard, and juvenile specifications. As part of a plea agreement entered into with the state, Wittenberg pleaded guilty to two counts of trafficking in drugs, a third-degree felony, in violation of R.C. 2925.03(A)(2), and one count of possessing criminal tools, a fifth-degree felony, in violation of R.C. 2923.24(A).

{¶3} Defense counsel submitted a sentencing memorandum to the state and the trial court. After the state and defense counsel presented statements at sentencing, the trial court sentenced Wittenberg to 12 months of community control sanctions and imposed a $5,000 fine and court costs. The state timely filed this appeal and assigns two errors for our review:

I.    The trial court erred in imposing community control because there was a presumption of prison, and the trial court did not make any findings under R.C. 2929.13 justifying a departure from that presumption; and

II.    The trial court erred in imposing community control because there was a presumption of prison, and Wittenberg's conduct was more serious than conduct normally constituting the offense.

We will address the first assignment of error because it is dispositive of this appeal.

## II.    Sentencing

### A.    Standard of Review

{¶4} The Ohio Supreme Court has determined that "an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.

*Id*. at ¶ 22.

## B. Law and Analysis

{¶5} In the state's assignments of error, the state argues that the trial court erred in imposing community control because there was a presumption of prison, and the trial court did not make any findings under R.C. 2929.13 justifying a departure from that presumption. The state also contends that the trial court erred in imposing community control because there was a presumption of prison, and Wittenberg's conduct was more serious than conduct normally constituting the offense. R.C. 2925.03(C)(1)(c) states, "aggravated trafficking in drugs is a felony of the third degree, and, except as otherwise provided in this division, there is a presumption for a prison term for the offense."

{¶6} To defeat the presumption, the trial court must conduct the following analysis:

> [T]he sentencing court may impose a community control sanction or a combination of community control sanctions instead of a prison term on an offender for a felony * * * that is a violation of any provision of Chapter 2925 * * * of the Revised Code for which a presumption in favor of a prison term is specified as being applicable if it makes both of the following findings:
>
> > (a) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.
>
> > (b) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally

constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.

R.C. 2929.13(D)(2).

**{¶7}** After a review of the record, we find that the trial court did not make either of the above findings on the record at sentencing. "Specifically, the trial court did not make findings that a sentence of community control sanctions would adequately punish the offender and protect the public from future crime and not demean the seriousness of the offense." *State v. Heath*, 170 Ohio App.3d 366, 2007-Ohio-536, 867 N.E.2d 453, *¶* 8 (8th Dist.).

> As an initial matter, we note that although the Ohio Supreme Court has held that judicial findings are no longer mandated in many instances, they are still required for downward departures, such as when a court refuses to impose the presumptive prison term under R.C. 2929.13(D). *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1. As stated in *Mathis*, supra: "When findings under R.C. 2929.13(D) or 2929.20(H) are missing from the appellate record, the appellate court shall remand the case to the sentencing court to state on the record the required findings pursuant to R.C. 2953.08(G)(1), after which the appellate court shall either affirm or modify the sentence, or vacate the sentence and remand the case for a hearing de novo if the sentence is contrary to law."

*Id.* at ¶ 10.

**{¶8}** We find that by clear and convincing evidence that the record does not support that the trial court made the necessary findings to justify sentencing the appellee to community control. We vacate the sentence and remand this case to the trial court to resentence appellee and state on the record the required findings pursuant to R.C.

2953.08(G)(1). As a result of this remand, the state's second assignment of error is moot.

{¶9} Judgment is vacated and remanded.

It is ordered that the appellant and appellee split costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
MARY EILEEN KILBANE, J., CONCUR