[Cite as *State v. Hall*, **2026-Ohio-2184.**]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                           :

    Plaintiff-Appellant,          :                    No. 115618

    v.                                       :

LAVELL HALL,                             :

    Defendant-Appellee.       :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** June 11, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-25-700023-A

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Matthew W. Moretto, Assistant Prosecuting
Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and
Jennifer J. Pritchard, Assistant Public Defender, *for
appellee.*

TIMOTHY W. CLARY, J.:

{¶ 1}  Plaintiff-appellant State of Ohio ("State") appeals from the trial

court's imposition of community-control sanctions on defendant-appellee Lavell

Hall ("Hall") following his conviction for felonious assault that carried a presumption of a prison sentence. For the following reasons, we vacate the lower court's order and remand for proceedings consistent with this opinion.

## I. Factual and Procedural History

{¶ 2} This case stems from a March 3, 2025 incident, between Hall and the victim, during which the victim allegedly sustained injuries.

{¶ 3} On March 11, 2025, a Cuyahoga County Grand Jury indicted Hall on one count of felonious assault, a felony of the second degree in violation of R.C. 2903.11(A)(1); one count of strangulation, a felony of the second degree in violation of R.C. 2903.18(B)(1); and one count of strangulation, a felony of the fifth degree in violation of R.C. 2903.18(B)(3). On March 31, 2025, Hall pleaded not guilty to all three counts and was released with GPS monitoring and a no-contact order with the victim.

{¶ 4} On July 29, 2025, the court held a change-of-plea hearing. Hall withdrew his former guilty plea and pleaded guilty to Count 1, felonious assault, and Count 3, strangulation; Count 2 was nolled and the court ordered a presentence investigation and report.

{¶ 5} The court held a sentencing hearing on August 28, 2025. The court stated it had reviewed the presentence report and a letter submitted on Hall's behalf. The court heard from counsel for both parties, the victim, and Hall. The State sought a prison sentence for Hall, the victim asked the court to impose the maximum

sentence, and defense counsel requested the imposition of community-control sanctions.

{¶ 6} The trial court sentenced Hall to two years of community control on both counts, with both sentences to run concurrently to one another. The court made the following statement about the sentence:

> I've considered here all the factors, the purposes and principles of felony sentencing. I'm considering the record of the defendant. I'm considering his age. I considered the presentence investigative report and what it indicates and what he told — what the probation officer put together from the statements of the defendant and from the police reports and the statements made here today. And I'm considering all of that.
>
> . . .
>
> So I'm taking all this into consideration. And I'm taking the recommendation of the probation officer. And I'm going to find a community-controlled sanction will protect the public, will not demean the seriousness of the offense.

Tr. 43-44. The court issued a corresponding judgment entry on the same date.

{¶ 7} On September 25, 2025, the State filed a notice of appeal and now presents one assignment of error: The trial court erred by overcoming the presumption of prison without considering whether community control would adequately punish the offender. The State asks this court to remand "for the purposes of determining whether community-control sanctions should be imposed." Appellant's brief, p. 6.

## II. Legal Analysis

{¶ 8} In its sole assignment of error, the State argues that pursuant to R.C. 2929.13(D)(2)(a), the trial court did not make the required finding that community-control sanctions would adequately punish Hall when the court downward departed from the presumption of a prison sentence in favor of community control.

{¶ 9} R.C. 2929.13(D)(1) states that an individual who pleads guilty to a felony of the first or second degree will presumably be subject to a prison term that complies with the R.C. 2929.11 purposes of sentencing. However, R.C. 2929.13(D)(2) allows the sentencing court to impose community-control sanctions, in lieu of a prison sentence on a felony of the first or second degree, if the court makes these two statutory findings:

> (a) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.

> (b) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.

R.C. 2929.13(D)(2)(a) and (b). The imposition of community-control sanctions under R.C. 2929.13(D)(2) rather than a prison sentence is referenced as a "downward departure." To impose a downward-departure sentence, the sentencing

court must make judicial findings that specifically state community-control sanctions (1) adequately punish the offender and protect the public from future crime and (2) do not demean the seriousness of the offense. *State v. Mathis*, 2006-Ohio-855, paragraph one of the syllabus; R.C. 2929.13(D)(2)(a) and (b).

{¶ 10} Where the sentencing court imposes a downward departure and fails to make the R.C. 2929.13(D)(2)(a) and (b) findings, on appeal the court "shall remand the case to the sentencing court and instruct the sentencing court to state, on the record, the required findings." R.C. 2953.08(G)(1); *Mathis*, at paragraph two of the syllabus.

{¶ 11} The R.C. 2929.13(D)(2)(a) and (b) factors apply here where the trial court imposed a downward departure and sentenced Hall to community-control sanctions rather than a prison sentence on Count 1, felonious assault, a felony of the second degree. A review of the record shows that the trial court stated at sentencing that community-control sanctions would protect the public from future crime and would not demean the seriousness of the offense, but it failed to make the R.C. 2929.13(D)(2)(a) finding as to whether community-control sanctions would adequately punish Hall. Absent that statement, the court did not make the requisite findings, and this court cannot properly review the appropriateness of the court's downward departure from a presumption of prison. As instructed by R.C. 2953.08(G)(1), we remand the instant case with instructions for the lower court to state on the record the required R.C. 2929.13(D)(2)(a) and (b) findings.

{¶ 12} We note that the State improperly compares the statutory standards required to impose consecutive sentences with those applicable in a downward-departure sentence. The State cites *State v. Nia*, 2014-Ohio-2527 (8th Dist.) — that addresses consecutive sentences — in support of its request that on remand the sentencing court should determine whether community-control sanctions should have been imposed upon Hall. R.C. 2953.08(G)(1), which specifically cites to and addresses a sentencing court's failure to make the statutorily required downward-departure findings, does not apply to the imposition of consecutive sentences and clearly states the purpose on remand is to identify the necessary statutory findings. *State v. Mathis*, 2006-Ohio-855, ¶ 35.

{¶ 13} Also, we note that defense counsel's argument that the sentencing court's R.C. 2929.13(D)(2) factual findings could be established through the assessment of R.C. 2929.11 and 2929.12 factors and need not be specifically stated on the record is erroneous and does not comport with R.C. 2929.13(D)(2) and the related case law. Further, the sentencing court's failure to state the statutory findings was not a clerical error that could be remedied through a nunc pro tunc judgment entry. *State v. Thompson*, 2016-Ohio-7404, ¶ 8 (8th Dist.), quoting *State v. Spears*, 2010-Ohio-2229, ¶ 10 (8th Dist.) ("A nunc pro tunc entry can be used to correct mathematical calculations and typographical or clerical errors, i.e., "'a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment.'"").

{¶ 14} Accordingly, we sustain the State's assignment of error, vacate Hall's sentence, and remand pursuant to R.C. 2953.08(G)(1) for resentencing so that the trial court can make all of the required R.C. 2929.13(D)(2)(a) and (b) findings and place the findings on the record. *State v. Wittenberg*, 2017-Ohio-654, ¶ 8 (8th Dist.); *Mathis* at ¶ 36 ("When findings under R.C. 2929.13(D) or 2929.20(H) are missing from the appellate record, the appellate court shall remand the case to the sentencing court to state on the record the required findings pursuant to R.C. 2953.08(G)(1) . . . ."); *State v. Zione*, 2009-Ohio-1455, ¶ 14-15 (12th Dist.); *State v. Martin*, 2009-Ohio-3485, ¶ 8 (10th Dist.), citing R.C. 2953.08(G)(1) and *Mathis* at ¶ 35-36 ("Because the trial court sentenced appellee to community control without providing the required statutory findings and supporting reasons at the sentencing hearing, the sentencing laws mandate that we remand this case to give the trial court the opportunity to do so.").

{¶ 15} Judgment vacated and remanded.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIMOTHY W. CLARY, JUDGE

DEENA CALABRESE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR