[Cite as *State v. Benton*, 2012-Ohio-4080.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MIAMI   COUNTY

STATE OF OHIO                                                                          :

                               :     Appellate Case No. 2010-CA-27

       Plaintiff-Appellee                                                   :

                               :     Trial Court Case No. 2010-CR-94

v.                                                                                                  :

                               :

TIMOTHY BENTON                                                     :     (Criminal Appeal from

                                                      from

                               :     Common Pleas Court)

      Defendant-Appellant                                               :

                                :

. . . . . . . . . . .

### O P I N I O N

Rendered on the 7th day of September, 2012.

. . . . . . . . . . .

ROBERT E. LONG, III, Atty. Reg. #0066796, Miami County Prosecutor's Office, 201 West Main Street, Safety Building, Troy, Ohio 45373
        Attorney for Plaintiff-Appellee

JOHN C. MEEHLING, Atty. Reg. #0077630, Holfaster, Cecil, McNight & Mues, 1105 Wilmington Avenue, Dayton, Ohio 45420
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1}   Timothy Benton appeals the trial court's judgment convicting him of gross

sexual imposition and classifying him as a Tier II sex offender. We affirm the conviction, but we reverse the sex-offender classification because Benton committed the offense before S.B. 10 was enacted.

{¶ 2} In 2010 Benton was indicted on one count of gross sexual imposition for having had sexual contact with his then 12-year-old step daughter. Benton waived his right to a jury trial, and the charge was tried to the court. At the trial, the victim (Benton's step daughter) testified about two instances of sexual contact that occurred between 1995 and 1997. In the first, Benton was sitting naked on the living-room floor, watching pornography on television, and masturbating. He called the victim into the room and, when she came, took her hand and put it on his penis. In the second instance, the victim was on the couch watching television when Benton came into the room naked. He turned on a pornographic movie and sat down on the couch beside the victim.   Benton then reached over and, sliding his hand underneath her shorts, rubbed her vaginal area through her underwear. Testifying in his own defense, Benton denied that he watched television naked or masturbated in front of the victim. He further denied ever touching her sexually.

{¶ 3} Saying that it believed the victim, the trial court found Benton guilty. The court sentenced him to 5 years in prison and classified him as a Tier II sex offender.

{¶ 4} Benton appealed.

**A. The Conviction**

{¶ 5} Of the three assignments of error presented, the first and second allege that the trial court erred by convicting Benton of gross sexual imposition. The first assignment of error contends that the conviction is against the manifest weight of the evidence. The second assignment of error contends that the statute of limitations for the offense had expired before the

state indicted Benton.

*1. Manifest weight of the evidence*

{¶ 6}    Benton was charged with violating R.C. 2907.05(A)(4), which provides that "[n]o person shall have sexual contact with another * * * [or] cause another * * * to have sexual contact with the offender" when the other person is younger than 13 years of age. R.C. 2907.05(A)(4). "Sexual contact" in this case "means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or * * * a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B). The victim's testimony supports a finding that Benton engaged in sexual contact with her and  made her engage in sexual contact with him. She also testified about other things that Benton did, like walking around the house naked, watching television naked, and masturbating in front of her. Benton took the stand and denied all these allegations. In support of his argument that his conviction is against the manifest weight of the evidence, Benton contends that the trial court should not have believed the victim's testimony over his because, he says, her testimony is not accurate nor is she credible.

{¶ 7}    In a manifest-weight challenge, the appellate court, "'reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [factfinder] clearly lost its way.'" *State v. Thompkins*, 78 Ohio St. 3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). "[T]he credibility of the witnesses [is] primarily for the trier of the facts." *State v. DeHass*, 10 Ohio St. 2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. "[T]he trier of fact is free to believe all, part or none of the testimony of each witness appearing before it." *State v. Green*, 117 Ohio App. 3d

644, 654, 691 N.E.2d 316 (1st Dist.1996), citing *State v. Antill*, 176 Ohio St. 61, 197 N.E.2d 548 (1964). The trier of fact does not lose its way if its resolution of conflicting testimony is reasonable. *See State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684, \*4-5 (Aug. 22, 1997).

**{¶ 8}** Here, in announcing its verdict, the trial court made explicit credibility determinations: "Based upon the evidence presented I find the Defendant guilty based upon the credibility of the victim and the lack of credibility in the Defendant's testimony." (Tr. 85). Reviewing the evidence, we see no reason to think that the trial court lost its way. None of the grounds on which the court could have rejected the victim's testimony, identified by Benton, compelled the court to do so. The trial court reasonably chose to believe the victim over Benton.

**{¶ 9}** The first assignment of error is overruled.

*2. Statute of limitations*

**{¶ 10}** Benton next contends that he should not have been convicted because the statute of limitations for gross sexual imposition had expired before the state indicted him. The indictment alleges that Benton committed the offense between 1995 and 1997. At that time, the statute of limitations for gross sexual imposition was 6 years, *see* former R.C. 2901.13(A)(1), meaning in this case that it would expire, at the earliest, in 2001. But as the state points out, in 1999 the Legislature amended the statute and extended the limitations period for gross sexual imposition to the current 20 years, *see* R.C. 2901.13(A)(3)(a). *See State v. Warren*, 168 Ohio App.3d 288, 2006-Ohio-4104, 859 N.E.2d 998, ¶ 13 (8th Dist.), citing Am.H.B. No. 49, 1998 Ohio Laws 188.

**{¶ 11}** In the bill that amended the statute of limitations, the Legislature specifically stated that the amended statute of limitations "'applies to an offense committed prior to the

effective date of this act if prosecution for that offense was not barred under section 2901.13 of the Revised Code as it existed on the day prior to the effective date of this act.'" *Id.*, quoting Am.H.B. No. 49, Section 3, 1998 Ohio Laws 188. In other words, as long as the limitations period for an offense had not yet expired when the amendment took effect, the new limitations period applies. Courts do not consider a statute-of-limitations extension to be an unconstitutional ex post facto law. *See*, *e.g.*, *id.* at ¶ 15 ("[T]he extension of an unexpired statute of limitations is not an invalid ex post facto law."); *State v. Swint*, 5th Dist. Stark No. 2003CA00165, 2004-Ohio-614, ¶ 28 (same). The reason is that "the extension of the statute of limitations [is] procedural, not substantive." *Swint* at ¶ 28.

{¶ 12} Benton does not address the amendment issue.

{¶ 13} In this case, when the statute of limitations was extended in 1999, the then 6-year limitations period for prosecuting Benton for gross sexual imposition had not yet expired. For the reasons given by the courts cited above, we agree that the 20-year expanded limitations period applies in this case, meaning that the statute of limitations did not expire, at the earliest, until 2015.

{¶ 14} The second assignment of error is overruled.

### B. The Classification

{¶ 15} Benton contends, in the third assignment of error, that the trial court erred by classifying him as a sexual predator. He says that the record does not contain sufficient evidence to make this classification, that the trial court failed to consider the statutory factors relevant to the determination, and that the court failed to make a finding about his status as a habitual sex offender. As the state points out, though, the trial court did not classify Benton as a sexual predator but as a Tier II sex offender.

**{¶ 16}** Tier classification for sex offenders replaced the previous "sexually oriented offender" designations in 2008 when S.B. 10 was enacted. In March 2011, after the defendant's sentencing but while this appeal was pending, the Ohio Supreme Court held that S.B. 10 may not be applied to a sex offender who committed an offense before the bill's enactment because doing so violates the constitutional prohibition on retroactive laws. *See State v. Williams*, 129 Ohio St. 3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 22. Benton committed his offense well before S.B. 10 was enacted, and the state concedes that the trial court's designation of him as a Tier II offender under S.B. 10 is error. We agree.

**{¶ 17}** The remedy here, as we said in a previous decision in this case, is "'remand for classification under the law in effect at the time the offense was committed.'" Decision and Entry (Nov. 29, 2011), quoting *State v. Smith*, 196 Ohio App. 3d 431, 2011-Ohio-3786, 964 N.E.2d 3, ¶ 26 (10th Dist.), citing *Williams* at ¶ 22.

**{¶ 18}** The third assignment of error is sustained.

**{¶ 19}** The judgment of the trial court is affirmed in part and reversed in part. Benton's conviction is affirmed, but his classification as a Tier II sex offender is reversed. This case is remanded for the limited purpose of reclassification, consistent with this opinion.

. . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.

Copies mailed to:

Robert E. Long, III
John C. Meehling
Hon. Christopher Gee