[Cite as *State v. Walker*, 2014-Ohio-1287.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25741 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 12-CR-2584 |
| v. | : | |
| | : | |
| TOBBY T. WALKER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of March, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MATTHEW T. CRAWFORD, Atty. Reg. #0070162, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

MARSHALL G. LACHMAN, Atty. Reg. #0076791, 75 North Pioneer Boulevard, Springboro, Ohio 45066
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.,

   **{¶ 1}**   Tobby T. Walker appeals from his conviction and sentence on one count of felonious assault (serious physical harm).

{¶ 2}    Walker advances three assignments of error. First, he alleges ineffective assistance of counsel based on his attorney's failure to request an inferior-degree-offense instruction at trial. Second, he contends his conviction is against the manifest weight of the evidence. Third, he claims the trial court erred in imposing a statutory maximum sentence.

{¶ 3}    The record reflects that Walker was charged with two counts of felonious assault, one count of evidence tampering, and one count of disrupting public services. The charges stemmed from his alleged physical assault on his girlfriend, Jennifer Dixon, his disposal of a blood-spattered shirt, and his act of cutting her telephone cords before fleeing her apartment. At trial, the State presented evidence that Walker choked Dixon and struck her in the face multiple times with his fist and a roller skate. As a result, Dixon suffered a broken nose, her mouth was wired shut, and her left eye swelled shut. She was hospitalized for weeks and had to use a breathing tube. After being released, she required months of in-home care. For his part, Walker testified at trial and claimed that he struck Dixon in self defense when she attacked him with scissors.

{¶ 4}    After hearing the evidence, a jury found Walker guilty of felonious assault (serious physical harm). It found him not guilty of felonious assault (deadly weapon). It also found him not guilty of evidence tampering or disrupting public services. The trial court imposed a statutory maximum eight-year prison sentence for the second-degree-felony conviction. This appeal followed.

{¶ 5}    In his first assignment of error, Walker alleges ineffective assistance of counsel based on his attorney's failure to request a jury instruction on aggravated assault as an inferior-degree-offense of felonious assault.

{¶ 6}    The distinction between felonious assault and aggravated assault involves the

mitigating element of serious provocation. Unlike felonious assault, aggravated assault requires that a person knowingly cause serious physical harm to another "while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force[.]" R.C. 2903.12(A). Walker argues that the evidence at trial reasonably supported a finding that he was arguing with Dixon, that she attacked him with scissors, and that her attack constituted serious provocation that produced in him a sudden passion or fit of rage. Therefore, he asserts that an aggravated-assault instruction was warranted and that counsel's failure to request one could not have been a matter of trial strategy.

{¶ 7}    Upon review, we find Walker's argument to be unpersuasive. At trial, he testified that he acted out of fear. (Trial Tr. at 408). According to Walker, he was "calm" and "trying to calm [Dixon] down" when she attacked him. (*Id*. at 406). Walker testified that the attack made him fear for his life. (*Id*. at 407). As a result, he struck Dixon three times to disarm her. (*Id*. at 407-408). After separating her from the scissors, he tried to "console" her. (*Id*. at 408). He then left to take a walk and was not angry. (*Id*. at 416). There was no testimony that he acted out of sudden passion or a fit of rage. In fact, Walker insisted that he "was never angry." (*Id*. at 417). On this record, we would not fault the trial court for refusing to give an inferior-degree instruction on aggravated assault.

{¶ 8}    Moreover, in light of Walker's testimony, defense counsel reasonably could have decided not to pursue an aggravated-assault instruction. Walker's testimony was consistent with his self-defense argument but inconsistent with a claim that he acted in a sudden passion or fit of rage. Defense counsel also reasonably could have determined that claiming sudden passion or a

fit of rage conflicted with, and weakened, the self-defense claim. *See State v. Crawford*, 2d Dist. Montgomery No. 22314, 2008-Ohio-4008, ¶ 27 ("Crawford's counsel could have reasonably decided not to request an aggravated assault instruction under the evidence presented with the hope of attaining a complete acquittal for the two counts of felonious assault. It may have been counsel's belief that the inferior-degree offense conflicted with the theory of self-defense or may confuse the jury.").

{¶ 9}    "The test for a claim of ineffective assistance of counsel is not whether counsel pursued every possible defense; the test is whether the defense chosen was objectively reasonable. * * * A reviewing court may not second-guess decisions of counsel which can be considered matters of trial strategy." (Citations omitted) *Id.* at ¶ 29. Here Walker's testimony did not fit the elements of aggravated assault, and defense counsel reasonably may have elected not to request the inferior-degree-offense instruction as a matter of trial strategy. We see no ineffective assistance. The first assignment of error is overruled.

{¶ 10}   In his second assignment of error, Walker contends his conviction for felonious assault (serious physical harm) is against the weight of the evidence. According to Walker, the evidence supports his claim that Dixon was the aggressor and that he simply defended himself from her scissor attack. He also contends his conviction is inconsistent with the jury's not-guilty verdict on charges of felonious assault (deadly weapon), evidence tampering, and disrupting public services. He argues:

> * * * It is clear from the jury's verdict that they did not believe Ms.
> Dixon's granddaughter's account that she saw the Defendant hitting Ms. Dixon
> with the roller skates, nor did the jury believe her son's claim that all the phone

cords in the home had been cut even though the uncontroverted evidence at trial was that a 911 call was made from a landline inside the home after the Defendant had left. The evidence, on the other hand, clearly supports the Defendant's contention that it was Ms. Dixon who came at him with a pair of scissors and that he was simply defending himself from her attack. The jury's guilty verdict on the felonious assault (serious physical harm) is not consistent with its not guilty verdicts on all other charges and is against the manifest weight of the evidence that clearly demonstrates that the Defendant was simply trying to defend himself from Ms. Dixon's provocation when he struck her. Therefore, a manifest miscarriage of justice has occurred such that the conviction herein must be reversed.

(Appellant's brief at 10).

{¶ 11} When a conviction is challenged on appeal as being against the weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 12} With the foregoing standards in mind, we conclude that Walker's conviction is

not against the weight of the evidence. Dixon testified that she and Walker got involved in an argument in her apartment. (Trial Tr. at 302). At one point, Walker began choking her in the kitchen for about fifteen minutes. (*Id*. at 303). The fight continued when Walker dragged her to an upstairs bedroom, where he continued choking her and began hitting her. (*Id*. at 305, 321). Dixon was able to remember receiving at least four blows to her face. (*Id*. at 305). She could not say what Walker used other than his fist to strike her because she was "out." (*Id*.). She did recall, however, being hit by something hard that she believed was a roller skate. (*Id*. at 334). Dixon's granddaughter testified that she was present and saw Walker hit Dixon with the roller skate. (*Id*. at 208-209). Dixon denied having any weapon herself and denied attacking Walker. (*Id*. at 304-305, 326). Eventually, she made her way to the bathroom, where she threw up blood, her nose started bleeding, and she felt blood running down her head. (*Id*. at 306). Dixon testified that Walker left, and paramedics took her to the hospital. (*Id*. at 306-308). She was hospitalized for weeks. She required surgery on her broken nose, and her mouth was wired shut, forcing her to eat through a straw. (*Id*. at 310). She also used a breathing tube for about two weeks and had a metal plate placed in her eye. (*Id*. at 311). She required in-home care for months after her release from the hospital. (*Id*. at 314).

{¶ 13} Having reviewed the record, we find no merit in Walker's manifest-weight challenge. It is well settled that evaluating witness credibility is primarily for the trier of fact. *State v. Benton*, 2d Dist. Miami No. 2010-CA-27, 2012-Ohio-4080, ¶ 7. A trier of fact does not lose its way and create a manifest miscarriage of justice if its resolution of conflicting testimony is reasonable. *Id.* Here the jury quite reasonably could have credited Dixon's testimony that Walker beat her so severely that he caused serious physical harm. Indeed, her version of events

seems to us much more believable than Walker's claim that she attacked him with scissors and that he reacted in self defense to disarm her. In any event, the jury did not lose its way and create a manifest miscarriage of justice in reaching the guilty verdict it did.

{¶ 14} Walker's argument about inconsistency in the verdicts fails to persuade us otherwise. With regard to his acquittal on the felonious assault (deadly weapon) charge, the jury may have concluded that a roller skate is not a deadly weapon. Or it may have disbelieved the testimony that Walker struck Dixon with a roller skate. Regardless, the jury remained free to believe Dixon's testimony that Walker repeatedly hit her in the head with his fist and caused the injuries she sustained. As this court has recognized, a trier of fact is free to believe all, part, or none of the testimony of each witness. *Benton* at ¶ 7. Walker's acquittal on charges of evidence tampering and disrupting public services also does not establish that his felonious-assault conviction is against the weight of the evidence. Even if the jury was unpersuaded beyond a reasonable doubt that Walker discarded a blood-spattered shirt to impede an investigation or that he cut Dixon's telephone lines, such findings are not inconsistent with a verdict that he knowingly caused her serious physical harm by beating her. Accordingly, the second assignment of error is overruled.

{¶ 15} In his third assignment of error, Walker claims the trial court erred in imposing a statutory maximum eight-year prison sentence. His entire argument is as follows:

> In the case at bar, while it appears that the sentence imposed upon [sic] is not contrary to law, it is plain and clear that the trial court abused its discretion when it sentenced the Defendant to the maximum eight year prison term for a felony of the second degree. The trial court offered no justification for such a

sentence other than that it considered the relevant statutory factors the court is required to consider. The fact is that the trial court could have followed the purposes and principles of sentencing with a shorter prison term. Therefore, the trial court erred in sentencing the Defendant as it did and this matter should be reversed and remanded accordingly.

(Appellant's brief at 11).

{¶ 16} Upon review, we see no error in the trial court's sentencing decision. As a threshold matter, we note that Walker raises his argument under *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. Pursuant to *Kalish*, a felony sentence is reviewed using a two-step process. The first step involves determining whether the sentence is contrary to law, i.e., whether the trial court complied with all applicable rules and statutes. The second step involves determining whether the trial court abused its discretion. Here Walker raises his argument under the second step of *Kalish*, asserting that the trial court abused its discretion in imposing an eight-year sentence.

{¶ 17} After Walker filed his appellate brief, *State v. Rodeffer*, 2d Dist. Montgomery Nos. 25574, 25575 and 25576, 2013-Ohio-5759, was decided. In *Rodeffer*, a panel of this court (with one dissent) held that *Kalish's* two-step approach should no longer apply to appellate review of felony sentences. Instead, *Rodeffer* applied the standard of review found in R.C. 2953.08(G)(2). *Id.* at ¶ 29. Under this statute, an appellate court may increase, reduce, or modify a sentence; or it may vacate the sentence and remand for resentencing. It may take these actions, however, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law. The *Rodeffer*

majority stated "[f]urthermore, '[a]lthough *Kalish* no longer provides the framework for reviewing felony sentences, it does provide * * * adequate guidance for determining whether a sentence is clearly and convincingly contrary to law.' * * * According to *Kalish*, a sentence is not contrary to law when the trial court imposes a sentence within the statutory range, after expressly stating that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12." (Citations omitted) *Id.* at ¶ 32.

{¶ 18} We recognize that Walker briefed his appeal under *Kalish* without the benefit of the opinion in *Rodeffer*. Under *Kalish*, the second step in the analysis is whether the sentence is an abuse of discretion. Here, the PSI report, which the trial court considered, reflects that Walker has an extensive criminal history as an adult. He appears to have had at least eighteen misdemeanor convictions between 1988 and 2009. They involved offenses including attempted drug abuse, disorderly conduct (multiple offenses), drug abuse, having weapons while intoxicated, OVI, domestic violence (multiple offenses), public intoxication, criminal trespass, unauthorized operation of property, assault (multiple offenses), soliciting, and an open-container violation. In addition to the instant offense, Walker has prior adult felony convictions for possession of cocaine and trafficking in marijuana. On the possession charge, he received community control but had it revoked. He also had community control revoked in at least two of his misdemeanor cases. The record further reflects that he served prison time in both of his prior felony cases.

{¶ 19} Upon review, applying either *Rodeffer* or *Kalish*, we find no basis for altering Walker's sentence or for remanding for resentencing. Walker does not claim any of the findings specified in R.C. 2953.08(G)(2) were required here or are unsupported by the record. His

sentence also is not contrary to law. His eight-year sentence is within the statutory range for a second-degree felony, and the trial court considered the principles and purposes of sentencing as well as the seriousness and recidivism factors. (Trial Tr. at 501). Moreover, in light of the extreme physical harm Walker inflicted on Dixon and his extensive criminal history, we cannot say the trial court abused its discretion in imposing a statutory maximum sentence. Accordingly, the third assignment of error is overruled.

{¶ 20}   The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and FAIN, J., concur.

Copies mailed to:

Mathias H. Heck
Matthew T. Crawford
Marshall G. Lachman
Hon. Michael W. Krumholtz