[Cite as *State v. Clark*, 2021-Ohio-3048.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28972 |
| | : | |
| v. | : | Trial Court Case No. CRB2001432 |
| | : | |
| GEORGE L. CLARK | : | (Criminal Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 3rd day of September, 2021.

. . . . . . . . . . .

ERIK R. BLAINE, Atty. Reg. No. 0080726, Assistant Prosecuting Attorney, City of Vandalia Prosecutor's Office, 245 James E. Bohanan Memorial Drive, Vandalia, Ohio 45377
    Attorney for Plaintiff-Appellee

DANIEL F. GETTY, Atty. Reg. No. 0074341, 46 East Franklin Street, Centerville, Ohio 45459
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant George L. Clark appeals from his conviction for one count of criminal damaging, in violation of R.C. 2909.06(A)(1), a misdemeanor of the second degree. Clark filed a timely notice of appeal on November 30, 2020.

{¶ 2} The incident which formed the basis for Clark's conviction occurred on July 22, 2020, when the victim, Sarah Voiles, heard a large crash outside of her apartment in Harrison Township, Ohio. Voiles testified that, when she looked out of her apartment window, she observed that the windshield and driver's side window of her motor vehicle had been broken; she also observed Clark standing next to her vehicle. Voiles immediately contacted her father, Timothy, who traveled to Voiles's apartment complex and went to speak with Clark. Voiles and Clark lived in the apartment complex across from each other and shared the parking lot. Timothy testified that, during his discussion with Clark, Clark stated that he did, in fact, cause the damage to Voiles's vehicle.

{¶ 3} On July 23, 2020, Clark was charged by criminal complaint with one count of criminal damaging. Clark pled not guilty to the offense. Clark's case proceeded to trial on November 18, 2020, before the Vandalia Municipal Court. The State presented the testimony of Voiles and her father, as well as photographs of the damage to Voiles's vehicle. Clark presented the testimony of his girlfriend, Tiffany Gibbons. Gibbons testified that Clark could not have damaged Voiles's vehicle because he was spending time with her in the apartment they shared that same day.

{¶ 4} After hearing the evidence presented by both parties, the trial court found Clark guilty of criminal damaging. The trial court sentenced Clark to 90 days in jail, with 90 days suspended on the condition that Clark commit no criminal offenses for one year.

The trial court also ordered Clark to pay restitution in the amount of $267.76, courts costs in the amount of $246, and a fine of $25.

{¶ 5} It is from this judgment that Clark now appeals.

{¶ 6} Clark's sole assignment of error is as follows:

THE TRIAL COURT'S VERDICT IS AGAINST THE MANIFEST WEIGHT

OF THE EVIDENCE.

{¶ 7} Clark contends that his conviction for criminal damaging was against the manifest weight of the evidence.

{¶ 8} This court has stated that "a weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive." (Citations omitted,) *State v. Jones*, 2d Dist. Montgomery No. 25724, 2014-Ohio-2309, ¶ 8. "When evaluating whether a [judgment] is against the manifest weight of the evidence, the appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *Id.*, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

{¶ 9} Because the trier of fact sees and hears the witnesses at trial, we must defer to the factfinder's decisions whether, and to what extent, to credit the testimony of particular witnesses. *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684, *4 (Aug. 22, 1997). However, we extend less deference in weighing competing inferences suggested by the evidence. *Id.* The fact that the evidence is subject to

differing interpretations does not render the judgment against the manifest weight of the evidence. *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009-Ohio-525, ¶ 14. A judgment should be reversed as being against the manifest weight of the evidence only in exceptional circumstances. *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 10} As previously stated, Voiles testified that on July 22, 2020, she heard a large crash outside of her apartment. When she looked out of her apartment window, she saw that the windshield and driver's side window of her vehicle had been broken, and Clark was standing next to her vehicle. Voiles contacted her father, Timothy, who traveled to Voiles's apartment complex and went to speak with Clark. Timothy testified that, during their discussion, Clark admitted to causing the damage to Voiles's vehicle. Although not raised by Clark, his out-of-court statements to Timothy regarding the damage he caused to Voiles's vehicle were admissible under Evid.R. 804(B)(3) as a statement against interest. This oral admission was corroborated by the circumstantial evidence wherein Voiles observed Clark near her vehicle at the time the damage occurred.

{¶ 11} Although Gibbons testified that Clark could not have damaged Voiles's vehicle because he was spending time with her in the apartment they shared that same day, the trial court was free to determine how much weight to give to Gibbons's testimony. The trial court apparently found the testimony of Voiles and her father to be more credible than that of Gibbons.

{¶ 12} Having reviewed the record, we find no merit in Clark's manifest weight challenge. It is well settled that evaluating witness credibility is primarily for the trier of fact. *State v. Brown*, 2d Dist. Montgomery No. 27571, 2018-Ohio-3294; *see also State v.*

*Benton*, 2d Dist. Miami No. 2010-CA-27, 2012-Ohio-4080, ¶ 7. A trier of fact does not lose its way and create a manifest miscarriage of justice if its resolution of conflicting testimony is reasonable. *Id.* Here, the trial court reasonably credited the State's evidence, which established that Clark was guilty of the offense. Accordingly, the trial court did not lose its way and create a manifest miscarriage of justice in reaching a guilty verdict for criminal damaging.

{¶ 13} Clark's sole assignment of error is overruled.

{¶ 14} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .


HALL, J. and WELBAUM, J., concur.


Copies sent to:

Erik R. Blaine
Daniel F. Getty
Hon. Cynthia M. Heck