**[Cite as *State v. Webb*, 2022-Ohio-4184.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case Nos. 2022-CA-7 & |
| | : | 2022-CA-8 |
| v. | : | |
| | : | Trial Court Case Nos. 21-CRB-1546 |
| BRANDON C. WEBB | : | 21-TRC-6930 |
| | : | |
| Defendant-Appellant | : | (Criminal Appeal from |
| | : | Municipal Court) |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of November, 2022.

. . . . . . . . . . .

MATTHEW B. DIBARTOLA, Atty. Reg. No. 0088702, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, 4th Floor, Springfield, Ohio 45502
       Attorney for Plaintiff-Appellee

GARY C. SCHAENGOLD, Atty. Reg. No. 0007144, 4 East Schantz Avenue, Dayton, Ohio 45409
       Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Brandon C. Webb appeals from his convictions for operating a vehicle while under the influence of alcohol or drugs (OVI), in violation of R.C. 4511.19(A)(1) and (A)(2), a misdemeanor of the first degree (Clark M.C. No. 21 TRC 6930); and one count of failure to comply with the order or signal of a police officer, in violation of R.C. 2921.331(A), also a misdemeanor of the first degree (Clark M.C. No. 21 CRB 1546). Webb filed a timely notice of appeal on February 1, 2022.

{¶ 2} On July 5, 2021, Ohio State Highway Patrol Sergeant Ryan May observed a stationary black SUV on Interstate 70 in Clark County, Ohio, with smoke coming from the vehicle's engine. Sergeant May activated his patrol cruiser's lights and pulled over to investigate. Upon exiting his cruiser, May made contact with Webb, who was standing outside of the disabled vehicle on the shoulder of the highway. May testified that he asked Webb what had happened to his vehicle, and Webb stated that he had pulled over to the side of the road because his SUV was overheating. May testified that Webb mentioned several times during their conversation that he had been driving "to the casino." Tr. 101. The record establishes, however, that Webb also mentioned at least once during questioning that someone else might have been driving the vehicle.

{¶ 3} Sergeant May then ran Webb's driver's license and found that it had been suspended. May also observed that Webb appeared to be under the influence of alcohol and/or drugs; Webb had glassy, bloodshot eyes and his pupils were dilated. May testified that he observed what appeared to be fresh needle marks on Webb's arm. May

also observed that Webb appeared "real fidgety, [k]ind of walking back and forth."

{¶ 4} Based upon his observations, Sergeant May administered field sobriety tests to determine if Webb was impaired. Tr. 84. May testified that he had Webb perform the horizontal gaze nystagmus test (HGN), the walk-and-turn test, and the one-leg stand test. May testified that Webb exhibited several "clues" during the tests that he was impaired. On that basis, May placed Webb under arrest for OVI. May and Trooper Dillon John Leugers then attempted to place Webb in the back of May's cruiser. Webb refused, and the officers had to force him to get in the back of the cruiser, which took several minutes.

{¶ 5} Thereafter, Webb was issued a traffic ticket for OVI, operating a vehicle without a valid driver's license, and driving under suspension (Case No. 21-TRC-6930). Webb was also charged with failure to comply (Case No. 21-CRB-1546). On July 15, 2021, Webb filed a written plea of not guilty and demanded a jury trial.

{¶ 6} A trial was held on January 12, 2022, and a jury found Webb guilty of OVI and failure to comply. (The other traffic offenses were dismissed by the State.) The trial court ordered a presentence investigation report. On January 28, 2022, the trial court sentenced Webb to 160 days in jail for OVI and to 160 days for failure to comply. The trial court also found that this was Webb's second OVI conviction in less than ten years. The trial court ordered the sentences to be served consecutively, for an aggregate term of 320 days in the Clark County Jail. The trial court also imposed a five-year driver's license suspension, ordered Webb to pay a fine of $525, and ordered him to attend a drug and alcohol assessment.

{¶ 7} Webb appeals. His sole assignment of error is as follows:

DEFENDANT'S CONVICTION FOR OPERATING A VEHICLE WHILE UNDER THE INFLUENCE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 8} Webb contends that his conviction for OVI was against the manifest weight of the evidence.[1]   Specifically, he argues that the evidence adduced by the State failed to establish beyond a reasonable doubt that he had been the individual driving the vehicle. Rather, Webb argues that the evidence established that his friend, Edward Brand, had been driving the vehicle, but Brand left to get help prior to the arrival of Sergeant May at the scene.   Furthermore, Webb argues that May never observed him driving the vehicle.

{¶ 9} "[A] weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive." (Citations omitted). *State v. Jones*, 2d Dist. Montgomery No. 25724, 2014-Ohio-2309, ¶ 8.   "When evaluating whether a conviction is against the manifest weight of the evidence, the appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *Id.*, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

{¶ 10} Because the trier of fact sees and hears the witnesses at trial, we must defer

---

[1] Although Webb filed a notice of appeal in each case, he does not raise any argument challenging his conviction for failure to comply in Case No. 21-CRB-1546 (C.A. No. 2022-CA-7). Therefore, we will not address it.

to the factfinder's decisions whether, and to what extent, to credit the testimony of particular witnesses. *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684, *4 (Aug. 22, 1997). However, we extend less deference in weighing competing inferences suggested by the evidence. *Id.* The fact that the evidence is subject to differing interpretations does not render the judgment against the manifest weight of the evidence. *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009-Ohio-525, ¶ 14. A judgment should be reversed as being against the manifest weight of the evidence only in exceptional circumstances. *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 11} In this case, Webb was convicted of OVI, in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree. Therefore, the jury necessarily found that Webb had operated a vehicle when he was under the influence of alcohol, a drug of abuse, or a combination of them.[2] R.C. 4511.01(HHH) defines the word "operate" as causing or having caused movement of a vehicle, streetcar, or trackless trolley. As previously stated, Sergeant May testified that Webb had stated that he had been driving the vehicle "to the casino" before it overheated, which forced him to pull over to the side of the road. May also testified that, based upon his training and experience,

---

[2] We note that the Ohio Supreme Court's recent decision in *State v. Wilson* does not affect our analysis. The court held in *Wilson* that the definition of "operate" in R.C. 4511.01(HHH) applies by its own terms to only R.C. Chapters 4511 and 4513 and not to offenses involving "operating" a vehicle while under various types of suspensions found in R.C. Chapter 4510 or in chapters of the code where the term "operate" is not specifically defined in the statute. *State v. Wilson*, Ohio Slip Opinion No. 2022-Ohio-3202, __ N.E.3d __, ¶ 10, 18. Here, Webb was charged with violating R.C. 4511.19(A)(1)(a), and thus the definition of the word "operate" as defined in R.C. 4511.01(HHH), and the cases interpreting its meaning are applicable.

Webb had appeared to be impaired, and he had fresh needle track marks on his arm. After administering three standard field sobriety tests, May determined that Webb was under the influence of alcohol and/or drugs.

{¶ 12} At trial, Brand testified that he had been driving the vehicle on the way to a casino in Columbus, Ohio, when the vehicle began to overheat, so he pulled over and left on foot to get help. Brand testified that Webb had decided to stay with the vehicle because it belonged to his mother. Brand testified that, shortly after he began walking, an older man in a blue pickup truck had picked him up and taken him to a pizza restaurant; at the restaurant, Brand used the older man's cellphone to call another friend for help. Brand testified that the friend arrived an hour later, and then they drove back to where Webb's vehicle had broken down. Brand testified that, because of the police presence at the scene, he and the friend just drove on to the casino and left Webb.

{¶ 13} Brand's testimony regarding the time frame of the events in question differed from the testimony of Sergeant May. Specifically, Brand testified that after being picked up by a friend at the pizza parlor, they drove back by the scene at approximately 6:00 p.m. Conversely, Sergeant May testified that he did not come into contact with Webb at the location of the disabled vehicle until almost 9:00 p.m. on July 5, 2021. Brand also testified that neither he nor Webb had operable cellphones at the time of the incident, but the State's evidence established that Webb had made several calls from his cellphone before being arrested and taken into custody.

{¶ 14} Webb also testified at trial. He testified that Brand was the driver of the vehicle on the day of the incident. Webb testified that the vehicle had overheated, they

had pulled over, and Brand had left on foot to get help. Webb also testified that he had burned his arm on the radiator cap while trying to pour liquid into the radiator.

{¶ 15} In support of his manifest weight argument, Webb cites *City of Cleveland v. Dumas*, 8th Dist. Cuyahoga No. 99558, 2013-Ohio-4600. In *Dumas*, the defendant was found standing outside of his vehicle at a construction site. *Id.* at ¶ 16-17. The court found that the circumstantial evidence was insufficient to establish that the defendant had operated the vehicle in question. *Id*; *see also Wilson,* 2d Dist. Montgomery No. 22581, 2009-Ohio-525*,* at ¶ 27 (the court found insufficient evidence that defendant had been driving where the officer testified that he did not recall any statements from the defendant concerning having moved the vehicle, no other witness observed her moving the vehicle, and the State offered no evidence that the defendant, rather than one of the three passengers, had driven the vehicle to the home).

{¶ 16} The facts in *Dumas* are distinguishable from Webb's case. Unlike the defendant in *Dumas*, Webb admitted to Sergeant May several times that he had been driving the vehicle to a casino before it overheated. While Webb later recanted his admission to operating the vehicle and testified that Brand had been driving the vehicle before it overheated, Webb still initially told Sergeant May that he had been the individual who was driving.

{¶ 17} Having reviewed the record, we find no merit in Webb's manifest weight challenge. It is well settled that evaluating witness credibility is primarily for the trier of fact. *State v. Brown*, 2d Dist. Montgomery No. 27571, 2018-Ohio-3294; *see also State v. Benton*, 2d Dist. Miami No. 2010-CA-27, 2012-Ohio-4080, ¶ 7. A trier of fact does not

lose its way and create a manifest miscarriage of justice if its resolution of conflicting testimony is reasonable. *Id.* Here, focusing on the evidence actually presented at trial and viewing that evidence in a light most favorable to the State, there was sufficient circumstantial evidence presented to establish that Webb had operated the SUV in question while under the influence of alcohol. Accordingly, the jury did not lose its way and create a manifest miscarriage of justice in finding Webb guilty of OVI.

**{¶ 18}** Webb's sole assignment of error is overruled.

**{¶ 19}** The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and LEWIS, J., concur.

Copies sent to:

Matthew B. DiBartola
Gary C. Schaengold
Hon. Stephen A. Schumaker